## LILLIENTHAL & CO., APPELLANTS, *v.* CHRIS. ANDERSON, RESPONDENT.

CONTINUANCE.—Upon an affidavit showing the absence of a material witness and that proper diligence has been exercised, a party is entitled to a continuance.

MOTION FOR NEW TRIAL—PRACTICE.—On a motion for a new trial, on the ground that the court denied a continuance, the moving party should procure the affidavits of the absent witnesses showing that they can testify to the facts sought to be proven; or show sufficient reason for not obtaining such affidavits.

IDEM—SURPRISE—EVIDENCE OF.—On a motion for a new trial, on the ground that the party was taken by surprise by reason of one of his own witnesses failing to testify to a material fact which the witness had previously stated in the presence of others he could testify to, the affidavits of the persons in whose hearing such statements were made, are the best evidence of the surprise, and should be produced.

INSTRUCTIONS—ADMISSIONS OF PLEADINGS.—It is error for the court to instruct the jury that it is necessary for the plaintiff to prove facts alleged

43

in the complaint and not denied by the answer. The failure to deny a material allegation contained in a complaint, is an admission of it; and the admission is conclusive evidence of the fact admitted.

EVIDENCE.—Evidence which is capable of affording an inference of a fact,. or which constitutes a link in the chain of proof, although alone it might not justify a verdict in accordance with it, should be admitted. It is error to reject such evidence.

APPEAL from the second judicial district, Boise county.

*George Ainslie,* for the appellants.

*Jonas W. Brown and Huston & Gray,* for the respondent.

PRICKETT, J., delivered the opinion, CLARK, J., concurring; HOLLISTER, C. J., dissenting.

The complaint in this action alleges, in substance, that the defendant and one James Thompson were partners, doing business as saloonkeepers, at Placerville, in Boise county, under the firm name of James Thompson; and, for a first cause of action, that said firm became and were indebted to plaintiffs, at a date and in a sum mentioned, for goods, wares, merchandise, liquors, etc., sold and delivered by plaintiffs to said firm. For a second cause of action: That said firm became and were indebted to F. Miller & Co., upon account, etc., and that said account and the balance due thereon had been assigned to plaintiffs. It further alleges, that since said indebtedness was created, Thompson died, leaving the defendant the sole surviving partner.

To this complaint the defendant answered, denying that he ever was a copartner of James Thompson; and to the first cause of action, "he denies that this defendant ever became indebted" for goods, wares, merchandise, etc., sold and delivered by plaintiffs to James Thompson and defendant, or to defendant individually. The answer as to the second cause of action denies that he, defendant, ever became indebted for goods, etc., sold by Miller & Co. to Thompson and defendant, or to defendant individually, or that there ever was any balance of account due to Miller & Co. from him, the defendant.

The term of court at which the cause was tried, com-

menced March 7, 1876, and on that day, upon a call of the calendar, the trial was fixed for March 11. Upon the day set for trial, the plaintiffs moved for a continuance, upon affidavits showing that immediately after the case was set for trial, plaintiffs caused subpœnas to be issued for their witnesses, and among others, for one Thomas Williams, who resided at Placerville, in Boise county, and was known to have been there as late as March 6, 1876. That the subpœna was placed in the hands of an officer, with money to pay witness his *per diem* and mileage; that the officer after due search has been unable to find Williams, and so returned. That afterwards another subpœna was issued and placed in the hands of the officer with like result: that the witness, Williams, was on very friendly terms with defendant. The evidence expected to be obtained from said Williams was set forth in the affidavits, and it was material upon the issue of partnership. It was further shown that it had been the practice, ever since the organization of the court, to cause subpœnas to issue for witnesses residing in the county, immediately after cases were set for trial. The affidavits in other respects were sufficient. The court refused a continuance, on the ground of want of diligence in not issuing subpœnas before the commencement of the term, to which ruling the plaintiffs excepted. The cause was tried by a jury, and in the course of the trial the plaintiffs offered to prove that a certain building, then occupied and claimed by defendant as his own, but occupied by Thompson as a saloon building, in his life-time, was built by defendant and Thompson in partnership, and that the material used in its construction was paid for out of the cash receipts of the saloon business. The court sustained objections to this and other testimony, and rejected the offered evidence, to which plaintiffs excepted. Both parties prepared certain instructions and requested the court to give them to the jury. The court gave those requested by defendant and refused certain of those presented by plaintiffs. To this action of the court plaintiffs excepted.

The fifth and sixth instructions given at the request of the defendant, which are the only ones necessary to be noticed

here, are nearly in the same language, and to the effect that it was necessary to a recovery by the plaintiffs, that they should prove the sale and delivery of the goods, etc., as alleged in the complaint. The jury rendered a verdict for the defendant, and judgment was entered in his favor for costs. In due time the plaintiffs moved for a new trial upon affidavits and a statement of the case, alleging as grounds for the motion abuse of discretion in refusing a continuance, by reason of which plaintiff was prevented from having a fair trial; errors in law occurring at the trial, and excepted to; in refusing the instructions asked for by plaintiff, and in giving those required by defendant; and surprise which ordinary prudence could not have guarded against, in that one of plaintiffs' witnesses had failed to testify upon the trial to a material fact, the truth of which he had previously declared in the presence of several persons named. The motion for a new trial was denied, and the plaintiffs appealed from the judgment and from the order denying a new trial. We have been thus particular in stating the history of this case, in order that the points arising on the appeal may be clearly comprehended.

The first point we shall consider is, whether the court abused its discretion in refusing a continuance, and whether, in case it did, the plaintiffs have kept themselves in a position to take advantage of the error. The granting or refusing a continuance rests in the sound discretion of the court by which it is made, and it is only in cases where an unreasonable discretion is exercised that this court will interfere. It is by this rule that we must be governed in deciding whether the court erred or not in refusing a continuance. We have examined the affidavits for a continuance critically, and have failed to find any defect in them. They show that, in accordance with the settled practice of the court, which is its law, until changed upon due notice, the plaintiffs caused subpœnas to issue for witnesses as soon as the cause was set for trial, and that in all respects due diligence was used to procure the attendance of the witness Williams. The jury law of this territory provides that no

petit jurors shall be summoned until after a case requiring a jury is set for trial at an hour fixed, and that all cases requiring a jury shall be set down for trial so as to be tried consecutively, etc. It is clearly contemplated by this law that the trial of all jury cases shall be set for a time certain, and without regard to the practice or rule of the court on the subject; if the parties can reasonably expect to procure the attendance of their witnesses, in cases for trial by jury, as soon as a jury can be procured to serve at the term, sufficient diligence is exercised by causing subpœnas to issue when the case is set for trial. The plaintiffs were entitled to a continuance upon the showing made; but we can not interfere to grant a new trial for this reason, because it was necessary for the plaintiffs, upon their motion for a new trial, in order to avail themselves of this ground, to have produced the affidavit of the absent witness showing that he could testify to the facts sought to be proved by him, or it should be shown that such affidavit could not be procured.

Neither can we grant a new trial on the alleged ground of surprise, because the rule just stated is equally applicable to motions made on this ground. The surprise should have been shown by the best and most satisfactory evidence within the reach of plaintiffs, which was the affidavits of persons in whose hearing the witness stated that he could testify to the truth of matters which he failed to state when questioned on the witness stand.

In giving the instructions numbered five and six, at defendant's request, to the effect that it was incumbent upon the plaintiffs to prove a sale and delivery, the court unquestionably committed an error, there being no denial in the answer of those facts alleged in the complaint. It is true that the defendant pretends to make answer to the two several causes of action set forth in the complaint, denying that he ever became indebted for the goods alleged to have been sold; but this is not the allegation of the complaint. The plaintiffs charge that the goods were sold and delivered to an association of persons, a partnership; and this, not being denied, except in so far as it is controverted by the denial of the existence of the partnership, is, when the

partnership is established, admitted as a fact. The object of the rules of pleading is to prevent evasion, and to require a denial of every material specific fact or averment, both in substance and in spirit; and the defendant is always held to an admission whenever he fails to make such denial. This was the law under the old equity system of pleading, which rules were, probably, the most perfect for the ascertainment of truth ever devised; and they are not less the rules of our code system, under which the admission of a fact stated in the complaint is conclusive against the defendant.

It would seem to be almost superfluous to quote authorities upon a proposition so well established and so perfectly understood; and yet we refer to a few. In the case of *Burke* v. *Table Mountain Water Co. et al.*, 12 Cal. 407, Baldwin, J., delivering the opinion of the court, says: The complaint charges that the defendant, the Table Mountain Water Co., was in possession. The answer of the company does not deny this averment in any such manner as to put it in issue. What the complaint called the defendant to answer was, not only the character, but the fact of possession by it, and a failure to deny this averment is an admission of it. This admission is conclusive evidence of the fact admitted. It is therefore immaterial, so far as the company are concerned, whether the court erred or not in its admission or rejection of evidence, in respect to an admitted fact. In *Mulford* v. *Estrudillo*, 32 Id. 131, Rhodes, J., in delivering the decision, says: Where the ultimate fact is admitted on the record, probative facts tending to establish, modify, or overcome it, are not the proper subjects for judicial action. In the case of *Green* v. *Covillaud*, 10 Id. 317, it is said: We have not overlooked the fact that in this case the decree was rendered upon proofs which seek, in important respects, to vary the case made by the pleadings; but this is immaterial. A plaintiff's case can not be better as proved than it is as stated. It is a cardinal rule in equity, as in all other pleadings, that the *allegata* and *probata* must agree, and that averments material to the case, omitted from the pleading, can not be supplied by the evidence.

Numerous other authorities might be cited, but it is unnecessary. Indeed, the only excuse for reference to any is that I understand the chief justice to dissent from the majority of the court upon the question now under consideration, and to hold that because some evidence was given on the trial (but whether voluntary on the part of the witness or not, does not appear), which might have been applicable to an issue concerning the sale and delivery of the goods, the instructions were correct; but the majority of the court are of the opinion that the case was not tried upon the idea or theory that the answer presented an issue upon the question of sale and delivery, but that it was understood by the parties that the question of partnership was the only one made by the pleadings, and the sole issue to be tried. But, whatever might have been the views of the parties, we hold that the issue of partnership is the only one in the case, and that, if that question is decided in the affirmative the plaintiffs will then be entitled to a verdict and judgment as demanded, and that any evidence directed to the admitted fact, is irrelevant. That facts admitted can not be questioned, disputed, or varied by evidence.

If the case was to be finally disposed of by the judgment of this court on this appeal, it would not be necessary to consider the remaining question of error in law in rejecting testimony offered, but as a new trial is to be awarded, it is better to decide upon that assignment of error now, for the direction of the district court upon the new trial.

The allegation of partnership being denied, the burden of proving it by such competent evidence as is accessible to them devolves upon the plaintiffs, but the fact being peculiarly within the knowledge of the defendant, it being less known to the plaintiff than to the defendant, slight proof on the part of the plaintiff is sufficient. It is sufficient for them to show that the deceased, Thompson, and defendant acted as partners, that they participated in the profits of the saloon business; that they had a community of interest in the property and profits. It is not necessary that the evidence should bear directly upon the issue. It is admis-

sible if it tends to prove it, or constitutes a link in the chain of proof, or is capable of affording an inference as to the fact of partnership. After examining the rejected testimony in the light of the foregoing rules, we are constrained to the opinion that the court erred in rejecting the testimony offered except the answer of Lillienthal to question No. 7 contained in his deposition.

The judgment and order refusing a new trial are reversed and a new trial ordered.