(December 30, 1892.)

## SWANHOLM v. REESER.

### [31 Pac. 804.]

DEMURRER—DENIAL.—1. The denial of indebtedness, without a denial of the facts alleged in the complaint out of which such indebtedness arose or follows, is a conclusion of law, and raises no issue of fact.

ALLEGATIONS OF COUNTERCLAIM.—2. A defense set up by way of counterclaim, alleging that the plaintiff is indebted to defendant in the sum of $156 for use of a certain building, and for $1,265.75 for certain gold bullion, without alleging that said sums are due, or that defendant is entitled to credit therefor on the demand sued on is no defense. Action on account. Denial and counterclaim. Demurrer to answer overruled by court below. Judgment for defendant. Judgment set aside.

(Syllabus by the court.)

APPEAL from District Court, Elmore County.

Wyman & Wyman, for Appellant.

A defect of a material averment in the pleadings will make the judgment based thereon fatally defective on appeal. (*Rich-*

*ards v. Insurance Co.,* 80 Cal. 505, 22 Pac. 939; *Morgan v. Menzies,* 60 Cal. 341; *Barron v. Frink,* 30 Cal. 489; *Osborn v. Graves,* 11 Or. 526, 6 Pac. 227; *Smith v. Smith,* 106 Ind. 43, 5 N. E. 411; *McAninch v. Hamilton,* 1 Ind. App. 429, 27 N. E. 719; *Bean v. Gregg,* 7 Colo. 499, 4 Pac. 903.) If any one of the defenses made or counterclaims is not sufficiently pleaded, a general verdict for the defendant will make the judgment for the defendant error. (*Barron v. Frink,* 30 Cal. 487; *Anderson v. Fisk,* 36 Cal. 626.)

August Quitzow and H. W. Weir, for Respondent.

SULLIVAN, C. J.—This action was brought in the probate court of Elmore county upon a demand for goods, wares and merchandise sold and delivered to the respondent, and for cash advanced to respondent, claimed to be of the value of $563.83, and that respondent is entitled to a deduction of forty-one dollars from said amount because of certain indebtedness due from appellant to respondent. The respondent interposed an answer, which was demurred to by appellant. The demurrer was sustained, and thereupon respondent filed his amended answer. A general demurrer was interposed to the amended answer, and overruled by the court. The case was tried by the court without a jury, and judgment entered in favor of respondent. Thereupon the cause was appealed to the district court, and there tried before the court with a jury, and a judgment entered in favor of the respondent. This appeal is from said judgment of the district court, on the judgment-roll alone.

The only question for determination is as to whether the court erred in overruling the demurrer to the amended answer. The cause of demurrer therein stated is that the amended answer does not state facts sufficient to constitute a defense to appellant's action, or a counterclaim, or a cross-action. The appellant, who was plaintiff in the court below, states his cause of action in the first paragraph of his complaint, and it is as follows: "The plaintiff complains and alleges that the defendant is indebted to the plaintiff in the sum of $565.83, upon an account for goods sold and delivered, and cash, money of the United States, advanced by the plaintiff to the defendant, at

his request, at Rocky Bar, Elmore county, Idaho, between the first day of May, 1886, and the fifth day of June, 1889, and that the same is now due and payable, but said sum has not been paid, nor any part thereof, except the sum hereinafter mentioned." The denial in the answer is as follows: "That the defendant is not indebted to the plaintiff in any sum whatever; that the account referred to in the complaint for goods sold and delivered, and money advanced, by plaintiff to defendant, is not correct." The denial of "indebtedness," without a denial of the facts which were pleaded to show the existence of such indebtedness, is but a denial of a conclusion of law, and raises no issue of fact. (Bliss on Code Pleadings, secs. 212, 334; *Curtis v. Richards,* 9 Cal. 33; *Wells v. McPike,* 21 Cal. 216.) The denial "that the account referred to in the complaint for goods sold and delivered, and money advanced, by plaintiff to defendant, is not correct," is not a sufficient denial of the allegation of the complaint above quoted. It simply denies the correctness of the account. The amount due on said account might be more or less than that claimed in the complaint, and still the denial be true. The material allegations of said complaint are not denied, and are therefore admitted by the defendant. The counterclaim that is attempted to be set up in the fourth paragraph of the answer alleges a legal conclusion, and the conclusion is that plaintiff is indebted to the defendant in the sum of $156 for the use and occupancy of a certain building, and is also indebted to the defendant in the further sum of $1,275.75 for gold bullion, for which the plaintiff has not credited the defendant. There is no allegation that said sums, or either of them, are due, or that defendant was entitled to credit therefor on the demand sued on. The answer contains no denial of the allegations of the complaint, and no defense is set up by way of counterclaim. The record does not show that the demurrer to the answer was passed upon by the district court, but the objection to the answer raised by the demurrer in this case is never waived. (See *Miller v. Pine Min. Co.,* post, p. 493, 35 Am. St. Rep. 289, 31 Pac. 803 (decided by this court at its present term), and authorities therein cited.) The judgment of the court below is reversed, and the cause re-

manded to district court, with instructions to permit respondent to amend his answer, if he so desires.  Costs of this appeal in favor of appellant.

Huston and Morgan, JJ., concur.