(December 31, 1904.)

## WHITE v. JOHNSON.

[79 Pac. 455.]

LESSOR—LESSEE—COVENANT AGAINST SUBLEASING—TITLE TO REAL ESTATE IN THE UNITED STATES—TECHNICAL ERRORS AND DEFECTS.

1. Where W. makes homestead entry on government land and the entry is contested and before the final termination of the contest which results in W.'s favor, W. leases a small portion of such land to L. for a term of two years, with covenant against subleasing, and thereafter L. transfers his interest to C., and C. through quitclaim deeds from B. and his grantees and successors in interest to such tract of land claims title to such land under said conveyances from B. and his grantees and successors, W. is entitled to judgment against C. and his codefendants, L. and C.

Argument for Respondent.

2. Under the provisions of section 4231, Revised Statutes, the court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect.

(Syllabus by the court.)

APPEAL from the District Court of Kootenai County. Honorable R. T. Morgan, Judge.

Action to recover possession of real estate and damages for detention of the same. Judgment for plaintiffs. Affirmed.

The facts are stated in the opinion.

Charles L. Heitman, for Appellant.

No forfeiture clause is to be found in the lease, and it is well settled that courts will not decree a forfeiture, unless the party applying therefor is clearly entitled thereto. The law abhors a forfeiture. Forfeitures are odious. Covenants against subletting are to be strictly construed against the lessor. (18 Am. & Eng. Ency. of Law, 2d ed., p. 680, and cases cited.) The distinction between assignment and underletting is broad and well defined. An assignment conveys the tenant's whole estate, which is his entire interest in all the premises. (*Campbell v. Stetson*, 2 Met. (Mass.) 504; *Copland v. Parker*, 4 Mich. 660.) A covenant not to assign does not prohibit a subletting, and a covenant not to sublet does not prohibit an assignment. (*Copland v. Parker, supra; Den v. Post*, 25 N. J. L. 285; *Jackson v. Silvernail*, 15 Johns. (N. Y.) 278.)

H. M. Stephens, for Respondent.

This court cannot review the evidence or any objections to the findings of fact made by the district court, for the reason that no motion for new trial was made or filed in the district court. (*Toulouse v. Burkett*, 2 Idaho, 184, 10 Pac. 26; *Washington etc. R. R. Co. v. Osborne*, 2 Idaho, 559, 21 Pac. 421; *Gamble v. Dunwell*, 1 Idaho, 268; *Graham v. Linehan*, 1 Idaho, 780.) The lessee, H. D. Johnson, was and is estopped to dispute the title of the respondents. (18 Am. & Eng. Ency. of Law,

2d ed., p. 411; *Jones v. Reilly,* 174 N. Y. 97, 66 N. E. 649; *Johnson v. Thrower,* 117 Ga. 1007, 44 S. E. 846; *Lyon v. Washburn,* 3 Colo. 205; *Carter v. Marshall,* 72 Ill. 609; *Campau v. Lafferty,* 43 Mich. 429, 5 N. W. 649, 650; *Sage v. Halverson,* 72 Minn. 294, 75 N. W. 229; *Parrott v. Hungleburger,* 9 Mont. 526, 24 Pac. 16; *Dixon v. Stewart et al.,* 113 N. C. 410, 18 S. E. 325; *Williams v. Wait,* 2 S. Dak. 210, 39 Am. St. Rep. 773, 774, 49 N. W. 209; *Lucas v. Brookes,* 18 Wall. 436, 21 L. ed. 779.) And this estoppel applies also to the appellants in this action, who went into possession through the tenant, H. D. Johnson, or by reason of the alleged conveyance by Johnson to one of the appellants. (18 Am. & Eng. Ency. of Law, 2d ed., p. 417.) And this estoppel is binding upon the appellants whether they knew of the title of the respondents or not, and it applies if the possession of the tenant, H. D. Johnson, was a means of acquiring possession by them or either of them. (18 Am. & Eng. Ency. of Law, 2d ed., p. 118; *McLennan v. Grant,* 8 Wash. 608, 36 Pac. 682; Taylor on Landlord and Tenant, 9th ed., sec. 705.)

SULLIVAN, C. J.—This action was originally brought against H. D. Johnson and F. S. Langley to recover the possession and restitution of certain real estate situated on the north side of the railroad track of the Northern Pacific Railroad in the northwest quarter of the southwest quarter of section 2, township 55 north, of range 2 east, Boise meridian, in Kootenai county. Thereafter an amended complaint was filed, in which the said Johnson and Langley, M. W. Caldwell and James Canning were made defendants. It appears from the judgment that the defendants, Langley, Caldwell and Canning appeared and that the defendant, Johnson, although duly and regularly served with summons, failed to appear or answer, and that his default was regularly entered. Thereupon a trial to the court was had without a jury and judgment was entered in favor of the respondents. The appeal is from the judgment and taken by Langley, Caldwell and Canning.

The following facts appear from the record: That the plaintiff, John E. White, made a homestead entry under the laws of Congress for the northwest quarter of the southwest quarter

of section 2, township 55 north, range 2 east, and other land in Kootenai county on the twenty-seventh day of November, 1895, and that the land in dispute in this case is a part of said northwest quarter of the southwest quarter of said section 2. It also appears that said White had resided upon said forty-acre tract of land long prior to the date that he made said entry, and that he made said entry on the day that the government plat of the survey of said land was filed in the local land office; that on the same day, but after White's entry had been made, the probate judge of Kootenai county applied to file a townsite declaratory statement with a plat of the town of Clark's Fork attached thereto upon said land, which entry was rejected because of its conflict with White's said entry. Thereafter said probate judge filed an affidavit of contest asking for the cancellation of White's entry to said forty-acre tract upon the ground that said tract had been used and occupied for townsite purposes since the year 1884, and that said White's entry was made for speculative purposes. A hearing was had at the local United States land office which resulted in a decision to the effect that but two (2) acres of said forty-acre tract should be awarded to the contestant, and that White's entry should remain intact providing he should agree to convey, after patent, said two acres to said probate judge in trust for the benefit of townsite occupants. Both parties appealed from that decision, and such proceedings were had as finally resulted in a decision holding White's entry valid and superior to that of the townsite claimants and the probate judge's contest was dismissed and White's entry held valid and intact. That thereafter the patent of the United States conveying to said White said forty-acre tract with other land, was duly executed to said White on the fourteenth day of July, 1903.

It also appears that on the fourth day of December, 1901, said White leased the two lots in controversy to the defendant, H. D. Johnson, for a term of two years, for the consideration of $140, and the further consideration that said lessee should leave thereon all buildings and other improvements that he should place thereon during the continuance of the lease. The lessee also agreed not to sublet said premises or any part thereof.

Seventy dollars, or one-half of said $140, was paid at the time said lease was executed, and it was agreed that the remaining $70 should be paid on the fourth day of December, 1902. That said H. D. Johnson took possession of said premises under said lease and continued in possession thereof until about the second day of May, 1902, and on that date he sold to the defendant, F. S. Langley, and one Fred H. Johnson the buildings situated on said lots, together with the stock of liquors and the bar fixtures therein contained, and let them into the possession of said premises.

It appears from the averments of the answers of Canning and Caldwell that Canning now claims title to said lots through conveyances (quitclaim deeds) as follows: One dated July 11, 1900, from one Samuel Black to Ruben Johnson, Johnson to McWilliams, McWilliams to appellant Langley, Langley to appellant Caldwell, Caldwell to appellant Canning; and it is alleged that appellant Canning now holds possession of said premises by virtue of said conveyance from Caldwell and not otherwise. The defect in Canning's alleged title is in fact that it only relates back to the conveyance of July 11, 1900, of Samuel Black to Ruben Johnson. It is not connected with the United States as the original grantor, as is the title of the respondents. The grantor of the respondents is the United States, and the appellants have not shown that their grantor and predecessors in interest ever received any conveyance of said property from the United States or the respondents. They admit they have not. On the trial the patent from the United States conveying said land to respondent, John E. White, and other papers, were introduced on the trial on behalf of respondents and the quitclaim deeds referred to herein were introduced on behalf of the appellants. No oral evidence was adduced on the trial on behalf of appellants.

Said contest against the homestead entry of respondents had not been finally determined when this action was commenced and said patent was issued some time subsequent thereto. The foregoing facts establish the title to said lots in the respondent, John E. White.

There is no question but what the defendant, H. D. Johnson, entered into the possession of said premises under said lease from John E. White, and, while so holding, let the appellants into possession thereof and to evade the force of that provision prohibiting the subletting of said premises, quitclaim deeds from persons who never had any title to said lots were resorted to.

Technically, some of the errors assigned have some force, but under the provisions of section 4231, Revised Statutes, the court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which do not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect. There are no errors assigned that affect the substantial rights of the appellants. They have no right to either the possession or title to said lots. If, as suggested, defendant Johnson was not served with summons, and for that reason has not had his day in court, these appellants are in no wise affected by that fact. He may be heard on that question. Judgment is affirmed, and costs awarded to respondents.

Stockslager, J., and Ailshie, J., concur.