(April 17, 1907.)

# GRACE M. CAMPBELL, Respondent, v. A. G. KERNS, Appellant.

[70 Pac. 108.]

SEPARATE PROPERTY OF WIFE—COMMUNITY PROPERTY—ISSUE MADE BY THE PLEADINGS—MOTION TO MAKE HUSBAND A PARTY—COUNTER-CLAIM AGAINST HUSBAND.

1. Where an action is brought by a married woman in her own name to recover a judgment on promissory notes, and a decree foreclosing a mortgage given to secure said notes, and the answer of the defendant avers that the real estate covered by the mortgage is community property, and sets up an offset or counterclaim against the husband and asks to have him made a party plaintiff, it was error for the court to deny such motion.

2. The court having denied the motion to make the husband a party plaintiff, it was not obligatory upon the defendant to try the issues as to whether said property was community property and as to the indebtedness of the husband to the defendant.

3. The court having refused to have A. B. Campbell brought in as plaintiff, the defendant would not have been entitled to have his demand against the husband set off against the judgment rendered in favor of the plaintiff, as he had no demand whatever against Mrs. Campbell, the plaintiff, and any evidence upon that issue would have been wholly irrelevant and immaterial.

(Syllabus by the court.)

APPEAL from the District Court of First Judicial District for Shoshone County. Hon. Ralph T. Morgan, Judge.

Action to foreclose a mortgage on real estate. Motion to have A. B. Campbell brought in as plaintiff denied by the court and judgment entered foreclosing the mortgage. *Judgment reversed.*

Walter A. Jones, for Appellant.

Every action must be prosecuted in the name of the real party in interest. (Idaho Rev. Stats., sec. 4090.)

The property was acquired by purchase by Mr. Campbell after the marriage, and was community property. (Idaho Rev. Stats., sec. 2497.)

When a married woman is a party to an action, her husband must be joined with her, except when the action concerns her separate property, etc. (Idaho Rev. Stats., sec. 4093.)

The property became community property of the marriage by operation of law, and its character was never changed by any instrument in writing or otherwise. (Idaho Rev. Stats., sec. 6007; Ballinger on Community Property, secs. 159, 165; *Lake v. Bender,* 18 Nev. 361, 4 Pac. 711, 7 Pac. 74; *Davis v. Green,* 122 Cal. 364, 55 Pac. 9; *Dimmick v. Dimmick,* 95 Cal. 323, 30 Pac. 547.)

The action concerned community property of which the husband had the management and control, and was therefore the real party in interest. The motion to make A. B. Campbell a party should have been sustained.

C. W. Beale, for Respondent.

In the absence of any other testimony, the court might presume the lots to be a part of the community. But this presumption is overcome and met by the uncontradicted proofs set forth in the record. Mr. Kerns rented the premises from Mrs. Campbell, recognized her as the sole owner, paid her the rent three years before he purchased from her. He took from her a deed in which he recognized her as the sole owner. He executed and delivered to her the notes and mortgage without any pretense that Mr. Campbell had any interest in the same. He paid Mrs. Campbell the first note and the interest on the other seven in April, 1903. Mrs. Campbell testified that the lots, the notes and the mortgage were always her separate property.

Mr. Campbell testified that the property was originally given to Mrs. Campbell by himself, and at the time of the purchase became her property, and that the notes and mortgage were a part of the separate property of Mrs. Campbell, in which he never had any interest; that the property was not deeded to Mrs. Campbell to cover up any of his debts; that he had never had any debts from the time of the purchase of said property up to the present time which he could not pay;

that at the time Mr. Campbell's name was put into the townsite deed by mistake, Mrs. Campbell owned the property.

The appellant herein is estopped from going back of his contracts made with Mrs. Campbell. When he secured the possession of her property, and made and executed to her the notes and the mortgage, the transaction was closed so far as he was concerned, other than the discharge upon his part of the legal obligation and duty to pay the indebtedness evidenced by his notes. (*Karlson v. Hanson,* 10 Idaho, 361, 78 Pac. 1080.)

The husband, when free from debts and liabilities, may make a gift to his wife of either real or personal property which at the time was the common property of the husband and wife, and the same will become her separate property, and will not be liable for debts by him afterward contracted. (*Peck v. Brummagim,* 31 Cal. 441, 89 Am. Dec. 195; *Higgins v. Higgins,* 46 Cal. 260; *Jackson v. Torrence,* 83 Cal. 521, 23 Pac. 695, 697.)

SULLIVAN, J.—This action was brought to foreclose a mortgage given to secure the payment of eight promissory notes for $500 each, on lots 20, 22 and 24, in block 6 of Wallace, Idaho. It is alleged that seven of said promissory notes with interest have not been paid, and prays for a judgment and decree for the foreclosure of the mortgage and the sale of said premises. The defendant answered admitting the execution and nonpayment of said seven notes, but denied any indebtedness to the plaintiff, Mrs. Grace M. Campbell, and alleges that the notes were delivered to A. B. Campbell, the husband of plaintiff, and that the notes and mortgage were made, executed and delivered in the name of Grace M. Campbell at the request and for the use and benefit of said A. B. Campbell, and that A. B. Campbell is the real party in interest as plaintiff, and denies that Grace M. Campbell is now the owner or holder of said notes and mortgage, or that she has ever been.

As a separate defense, it is alleged that the said notes and mortgage were given by defendant to A. B. Campbell in part

payment for said lots, which were sold and delivered to defendant by said A. B. Campbell and wife; that the premises were community property of said A. B. Campbell and Grace M. Campbell, and that the action does not affect the separate property of Grace M. Campbell, and that said A. B. Campbell is a necessary and proper party to the action and the real party in interest; and by way of counterclaim, the defendant alleged that A. B. Campbell and Grace M. Campbell are husband and wife, and the action concerns their community property; that on August 7, 1903, said A. B. Campbell was justly indebted to the defendant in the sum of $1,500 for legal services rendered and performed by the defendant for said Campbell between September 23, 1899, and August 7, 1903, and that no part has ever been paid, and that the action could not be fully and fairly tried without the presence in court of said A. B. Campbell.

The answer prayed that A. B. Campbell be made a party, and for judgment against him for $1,500, and that that amount be set off against the amount found to be due on the said promissory notes.

The complaint was filed April 14, 1904, and the answer on June 19, 1905. The case was tried by the court without a jury, and judgment and decree of foreclosure were entered against the defendant, from which judgment this appeal is taken.

Four errors are assigned as follows: 1. The court erred in denying defendant's motion for a continuance; 2. In denying defendant's motion to make A. B. Campbell a party; 3. In rendering judgment for the plaintiff; 4. In striking from defendant's proposed bill of exceptions the specifications of particulars in which the evidence is insufficient to sustain the decision.

It appears from the record that the appellant made a motion for a continuance of the case to the next term of the court. It is contended by counsel for appellant that the cause was called for trial during the temporary absence of the attorney for the defendant, without having been previously

set for trial, and without notice or knowledge to the defend-ant or his counsel.

There is some controversy as to just what occurred in re-gard to the setting and trial of this case. It seems that the case was called for trial on Saturday, July 1, 1905, at 2 o'clock P. M., and the court inquired of the attorneys whether they were ready to go to trial. The attorney for the plaintiff signified that he was, and the court thereupon stated that the case had been set for several days. The de-fendant thereupon inquired whether the record showed that the case had been set, and the clerk replied that the cases were set to follow each other on the calendar. The court thereupon stated as follows: "The court announced on Mon-day and again on Wednesday that this case would be tried at this term."

It seems that the attorney for the defendant was not pres-ent, and was in Boise City attending the United States dis-trict court there, and the defendant thereupon requested time to be given him to find whether his attorney had returned home, which was done. He thereafter reported to the court that his attorney had not returned, and stated that he would file an affidavit for a continuance of the case until he did return. The court thereupon announced that this was the last case on the calendar, and the court expected to adjourn that day. Thereupon the defendant stated that he was will-ing to try the case at chambers, and the attorney for the plaintiff would not consent. The court thereupon announced that if the defendant and counsel for the plaintiff could not stipulate to try the case at chambers without any reserva-tion, the court would have to act, and stated that he would give the defendant until 3 o'clock that day to make a show-ing, and the court took a recess. After the convening of the court, the defendant filed his affidavit for a continuance and submitted the same to the court. The court thereupon in-quired of the clerk whether there was not some record show-ing that this case was set for trial. The clerk replied as fol-lows: "None of the equity cases were set; that is, it is not a part of the record. All of the other cases were set to fol-

low each other as they appear on the calendar." The court then stated: "The court announced on last Monday and also on Wednesday that these cases would be for trial and mentioned this one in particular," and the judge stated that he remembered that the defendant was in court. The defendant thereupon replied that he was in court when this case was spoken of, and mentioned at that time that the preliminary motion ought to be disposed of before the case was called for trial; whereupon the attorney for the plaintiff stated that there was nothing to dispose of—that there is a complaint here and an answer and a counterclaim, and that there was no motion to be determined. The court thereupon inquired of the defendant whether he could not secure another attorney. The defendant replied that his attorney was absent and his office locked up, and he could not get at the papers, and after some further colloquy between the court, defendant, and plaintiff's attorney, the latter refused to try the case at chambers. The court thereupon announced that the case would be set for 10 o'clock the following Monday morning and that if defendant's counsel was not present, he would have to take the consequences; that it would be tried at that time, and thereupon set the case for Monday at 10 o'clock, July 3d. This occurred on Saturday, July 1st.

On July 3d, the case was called and the court inquired whether the parties were ready to proceed. Counsel for plaintiff signified that he was, and the defendant replied that his counsel had not returned, and that he had filed a motion for a continuance until the attorney could be present, and the motion and affidavit were read by the defendant. The court thereupon inquired whether there was another action pending to recover this counterclaim of $1,500, and the attorney for the plaintiff responded that there was another action involving the same fees against Campbell, Linn and Anderson. The court thereupon denied the motion for a continuance and proceeded with the trial. The defendant thereupon presented a motion to make A. B. Campbell a party plaintiff of this action. Counsel for the plaintiff objected upon the ground that the motion was pre-

maturely made; that some proof must be offered under their pleadings, showing that Mr. Campbell is a party in interest. The court thereupon denied the motion at that time.

Witnesses were called in behalf of the plaintiff and sworn and testified in regard to the matter. Certain papers and documents were introduced in evidence. After the plaintiff had introduced oral and documentary evidence, she rested, whereupon defendant offered in evidence certain documentary and oral evidence. He introduced in evidence a deed from J. L. Dunn et al., trustees of the town of Wallace, to A. B. Campbell, for said lots 20, 22 and 24 in block 6, and other property in the town of Wallace, dated July 26, 1892. The recorder of said county was examined orally, and stated that he had examined the records of Shoshone county up to that date to ascertain if A. B. Campbell had sold or conveyed those lots to Mrs. Campbell, and stated that there was no record of any such transfer. On cross-examination, counsel for the plaintiff requested the auditor to send for Deed Records W, U and X of said county, and stated that he expected to prove that this title was originally taken in Mrs. Campbell; that it was through mistake that it was conveyed to A. B. Campbell by the town trustees; that it was not his property and never was his property. Thereupon the defendant renewed his motion to make A. B. Campbell a party plaintiff in the case, for the reason that he was the real party in interest, and the court thereupon stated that he was not satisfied on that point, and the court further stated that he was pretty well satisfied that Campbell was not a party in interest. After putting in some further evidence, the defendant renewed his motion to make A. B. Campbell a party plaintiff in the suit on the ground that he was the real party in interest, that he was the real plaintiff, and that the property in question was acquired after the marriage and was community property. The court thereupon denied the motion. After some further evidence was introduced, the case was taken under advisement and judgment and decree were entered in favor of the plaintiff and against the de-

fendant, decreeing the foreclosure of the mortgage and the sale of the property to satisfy the judgment.

The first error assigned is the action of the court in denying defendant's motion for a continuance. As that question is largely in the legal discretion of the court, we cannot say from the facts as they appear in the record that the court erred in denying said motion.

The next assignment is the action of the court in denying defendant's motion to make A. B. Campbell a party plaintiff. The averments of the answer are amply sufficient to show the necessity of making A. B. Campbell a party plaintiff. It appears from the testimony of A. B. Campbell and his wife that the lots in question were conveyed to the plaintiff, Mrs. Grace M. Campbell, on the nineteenth day of May, 1890, by the Wallace Townsite Company of Shoshone county, a corporation organized under the laws of Idaho Territory. It is a part of the legal history of the state that said townsite company never had any title to lots it conveyed to Mrs. Campbell; that at the time it conveyed said lots to her the title thereof was in the United States, and was thereafter conveyed by the United States to the trustees of the town of Wallace and by them conveyed to A. B. Campbell. Mr. Campbell testified that he originally bought said lots for his wife and gave them to her. Thereafter said townsite was entered for the benefit of the inhabitants of said town, and a United States patent therefor issued to the trustees on June 11, 1892, and on July 26, 1892, the trustees conveyed said lots to A. B. Campbell, and on April 24, 1902, Mrs. Grace M. Campbell and A. B. Campbell, her husband, conveyed them to the defendant. Thus, it will be observed that the title to said lots stood in the name of A. B. Campbell from July 26, 1892, to April 24, 1902, a period of nearly ten years.

Upon that state of facts, the defendant renewed his motion to have A. B. Campbell made a party plaintiff, contending that the property was community property, and that the claim he had against A. B. Campbell was a setoff against whatever was due on said notes. The court denied the ap-

plication, and it is contended by counsel for respondent that the evidence clearly shows that the property belonged to Mrs. Grace M. Campbell and was not community property. While the deed of the trustees of the city of Wallace conveying the same to A. B. Campbell would indicate that the property belonged to him, he and his wife both testified that it did not—that it belonged to his wife, and that the taking of the said deed in the name of A. B. Campbell was simply a mistake. But that evidence is wholly immaterial under the ruling of the court. The court refused to have A. B. Campbell brought in as a party plaintiff. That being so, the court shut out of consideration the allegation of the answer that said property was community property, and evidence on that issue was in no wise pertinent to the issues made by the pleadings. The court having declined to make A. B. Campbell a party plaintiff, it was useless, incompetent, irrelevant and immaterial for the defendant to offer any evidence of the fact that said property was community property. It nowhere appears in the record that the defendant introduced all of his evidence on that issue, and it was not necessary or proper for him to do so after the court had refused to make A. B. Campbell a party plaintiff.

It was not the correct practice to require a defendant, who has averred in his answer sufficient to show that the action cannot be fully determined without bringing in other parties plaintiff, to try the case before his motion to make other parties plaintiff is granted by the court; for if that was required, it would necessitate a retrial of the case after other parties were brought in. When the court denied the motion of the defendant to make A. B. Campbell a party plaintiff, it did not become incumbent upon the defendant to introduce his evidence upon the issue tendered in his answer or cross-complaint showing that A. B. Campbell was the real party in interest, nor was it necessary that he prove his counterclaim against A. B. Campbell after the court had refused to have him brought in as a plaintiff. The defendant made no counterclaim against Mrs. Campbell, and had he

proved one, it would have availed him nothing—it would not have been a proper offset against her, as said counter-claim is against A. B. Campbell.

The court erred in refusing to bring in A. B. Campbell as a party plaintiff. The judgment must be reversed and a new trial granted, and the case remanded with instructions to grant said motion to have A. B. Campbell brought in as a party plaintiff.

Costs are awarded to the appellant.

Ailshie, C. J., concurs.

(May 31, 1907.)

ON PETITION FOR REHEARING.

PER CURIAM.—Respondent insists that the judgment of the lower court should have been affirmed in this case for the reason that the counterclaim set up by appellant fails to state facts sufficient to constitute a defense, offset or coun-terclaim to plaintiff's cause of action. Counsel insists that the defendant only pleaded legal conclusions and not facts sufficient to constitute a cause of action or defense. The defendant alleged that on the seventh day of August, 1903, A. B. Campbell was indebted to him in the sum of $1,500, and thereupon recites the cause of indebtedness, namely, legal services rendered between specified dates in a certain action in the district court in and for Shoshone county, wherein A. B. Campbell was a party litigant. He then alleges that no part of that sum has ever been paid, and that Campbell is still indebted to defendant in the sum of $1,500, together with interest thereon from August 7, 1903.

The test of the sufficiency of the pleading in the case at bar is not whether it would have withstood a demurrer filed on the part of Campbell after his appearance, but is: would it have sustained a default judgment against Campbell? We think there is no doubt but that the pleading is sufficient to support a default judgment against Campbell had an

order been duly and regularly made and served, bringing him into the case. After his appearance, he may demur to the cross-complaint and counterclaim or waive his right to demur. In the event he demurs, the trial court will be called upon to determine the sufficiency of this pleading in the light of whatever objection may be urged against it by the demurrer. No possible objection, however, that Campbell might urge against the sufficiency of the complaint can be anticipated at this time by the plaintiff, who is objecting to having Campbell brought in.

Complaint has also been made in the petition for rehearing that our decision in this case rests on technical grounds. The decision is scarcely open to that contention. The interests of justice between the parties demand that the defendant be given an opportunity to litigate the issue he presents and submit his evidence thereon. We express no opinion whatever on the outcome of the issue between the parties upon the proofs. The defendant Kerns has never yet had an opportunity to present his evidence in support of the contention that Campbell is indebted to him, and that the mortgage indebtedness sued on belongs to the community property of A. B. Campbell and the plaintiff. If defendant should eventually be unsuccessful in establishing the facts necessary to entitle him to recover, he will be the loser, and have to pay the expenses and bear the burden of the litigation. If, on the other hand, he is correct in his contention, then he should not be subjected to such burden, nor should he be deprived of the opportunity of presenting his proofs.

We have examined the cases of *Swanholm v. Reeser*, 3 Idaho, 476, 31 Pac. 804, and *White v. Johnson*, 10 Idaho, 438, 79 Pac. 455, cited by petitioner and do not think the principles there announced apply to the facts of the case at bar. No sufficient reasons appear why a rehearing should be granted and the petition is therefore denied.