(September 28, 1922.)

MONTANA ELECTRIC COMPANY, a Corporation, Appellant, v. C. W. THOMPSON, Respondent.

[209 Pac. 722.]

PLEADING AND PRACTICE—INSUFFICIENT DENIAL.

A denial of indebtedness without a denial of the facts alleged in the complaint out of which said indebtedness arises or follows is a conclusion of law, and raises no issue of fact.

APPEAL from the District Court of the Fifth Judicial District, for Power County. Hon. F. J. Cowen, Judge.

Action to recover for goods sold and delivered. From judgment for defendant, plaintiff appeals. *Reversed* and *remanded,* with instructions.

Baird & Davis, for Appellant.

The answer is wholly insufficient, and states no defense to this action, and the judgment based thereon is fatally defective. (*Lillienthal v. Anderson*, 1 Ida. 673; *Swanholm v. Reeser*, 3 Ida. 476, 31 Pac. 804; *Miller v. Pine Mining Co.*, 3 Ida. 493, 35 Am. St. 289, 31 Pac. 803; *Curtis v. Richards*, 9 Cal. 33; *Wells v. McPike*, 24 Cal. 215; *White v. East Side Mill etc. Co.*, 81 Or. 107, 158 Pac. 173; rehearing denied in last cited case, 158 Pac. 527; Bliss on Code Pleadings, secs. 212–334, inc.; *Phoenix Lumber Co. v. Regents*, 197 Fed. 425.)

W. G. Bissell and W. C. Loofbourrow, for Respondent.

The answer, when measured by the only case which we find in the books applicable thereto, is in fact sufficient. (*Feldman v. Shea*, 6 Ida. 717, 59 Pac. 537.)

LEE, J.—In this action appellant alleged that within fourteen months last past defendant became indebted to it in an amount aggregating $365.61 for goods, wares and merchandise sold and delivered by plaintiff to defendant at his special instance and request, for which defendant promised and agreed to pay said sum, and that although often requested so to do, he refused to pay said amount or any part thereof, with a prayer for judgment for the principal sum and interest thereon.

A trial was had to a jury, which returned a verdict of no cause of action. Judgment was entered upon said verdict, from which this appeal is taken.

To this allegation in the complaint, which is in the usual form for goods, wares and merchandise sold and delivered, the answer is as follows: "Answering paragraph 2, defendant denies that he is indebted to the said plaintiff in the sum of Three Hundred Sixty-five and 61/100 Dollars ($365.61) or any other sum, on account of goods, wares and merchandise sold and delivered, and denies that he promised and agreed to pay the said sum of $365.61."

This answer does not tender any issue of fact. A denial of indebtedness, without a denial of the facts alleged in the complaint out of which said indebtedness arises or follows, is a conclusion of law, and raises no issue of fact. (*Swanholm v. Reeser,* 3 Ida. 476, 31 Pac. 804.) Timely objection was made to evidence offered on behalf of defendant, on the ground that it was incompetent and immaterial under the pleadings in the case, and the attention of defendant's counsel was called to the insufficiency of the answer. It was twice amended by interlineation during the progress of the trial, but never so that it tendered an issue of fact.

The cause is reversed, with instructions to permit respondent, if he so desires, to amend his answer; otherwise, to enter judgment for appellant in the amount prayed for. Costs awarded to appellant.

McCarthy and Dunn, JJ., concur.