Points Decided.

(No. 4896.   July 30, 1927.)

## A. C. WHITE LUMBER . COMPANY, a Corporation, Respondent, v. E. D. McDONELL, Appellant.

[258 Pac. 555.]

CONTRACTS—PLEADING—INSUFFICIENCY OF ANSWER—EVIDENCE—BILL OF PARTICULARS PROPERLY ALLOWED—ADVANCE OF MONEY BY COR-PORATION — NOTICE OF NO RESPONSIBILITY FOR ACCOUNTS, NO BREACH OF CONTRACT—DAMAGES—RECOVERY FOR BREACH—ERRO-NEOUS INSTRUCTIONS.

1. Answer in action on debt, admitting that plaintiff had advanced money, but denying there was a balance due thereon, or that defendant was indebted to plaintiff, *held* insufficient to raise an issue of fact, in that it did not contain denial of facts out of which indebtedness was alleged to have arisen, and mere denial of indebtedness was but a denial of a conclusion of law and conclusion of law itself.

2. Where defendant's answer in action on debt did not deny allegations in complaint, every material allegation must, under C. S., sec. 6717, be taken as true, and plaintiff's bill of particulars was properly allowed in evidence, as well as certain items therein growing out of other transactions and constituting total amount of indebtedness claimed, and which was not denied in answer.

3. Where corporation advancing money under logging contract had advanced more than total of what would have been due had all logs been delivered, its notification to employees and mer-chants, with whom contractor was doing business, that it would not be responsible for any money due or to become due, and that it would not honor any further orders drawn on it by contractor, did not constitute a breach of contract.

4. In order that contractor could recover for breach of logging contract, it was necessary that he establish that he could have realized a profit on the full performance of contract.

5. Where, under any view of case, appellant would not have been entitled to a recovery, giving of erroneous instructions would not warrant a reversal.

Publisher's Note.
See Appeal and Error, 4 C. J., sec. 1034, p. 1051, n. 99, p. 1052, n. 8.
Contracts, 13 C. J., sec. 727, p. 654, n. 71; sec. 986, p. 780, n. 39.
Damages, 17 C. J., sec. 322, p. 1024, n. 55.
Evidence, 22 C. J., sec. 373, p. 333, n. 17.
Pleading, 31 Cyc., p. 52, n. 78, p. 202, n. 24, p. 208, n. 80.
Trial, 38 Cyc., p. 1813, n. 22.

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. Chas. L. Heitman, Judge.

Action on debt. Judgment for plaintiff. *Affirmed.*

G. M. Ferris, Cannon & McKevitt and W. J. Costello, for Appellant, cite no authorities.

E. W. Wheelan, for Respondent.

Every material allegation of the complaint not controverted by the answer must, for the purposes of the action, be taken as true; the statement of any new matter in the answer, in avoidance or constituting a defense or counterclaim, must on the trial be deemed controverted by the opposite party.    (C. S., sec. 6717; *Broadbent v. Brumback,* 2 Ida. 366, 16 Pac. 555; *Burke v. McDonald,* 2 Ida. 679, 33 Pac. 49; *Wheeler v. Gilmore & P. R. Co.,* 23 Ida. 479, 130 Pac. 801; *Hays v. Robinson,* 35 Ida. 265, 206 Pac. 173; *Cleland v. McLaurin,* 40 Ida. 371, 232 Pac. 571.)

A denial of an indebtedness, without a denial of the facts alleged in the complaint out of which such indebtedness arose, is a denial of a conclusion of law and raises no issue of fact.    (*Swanholm v. Reeser,* 3 Ida. (Hasb.), 476, 31 Pac. 804; *Montana Electric Co. v. Thompson,* 36 Ida. 127, 209 Pac. 722.)

A denial that anything is due upon a contract is a mere conclusion of law.    (*Wallace B. & T. Co. v. First National Bank,* 40 Ida. 712, 237 Pac. 284.)

In an action upon the contract against the employer for preventing complete performance, the contractor is entitled to recover the contract price for the work actually done, and in the absence of other damages, the difference between that price and what it would cost to perform the contract as to the residue.    (Sutherland on Damages, 3d ed., sec. 713.)

Where one is entitled to loss of profits as damages the measure of damages applied is the difference between the

contract price and what it would cost the plaintiff to perform the contract, making due allowance for the saving of time and avoidance of trouble and care by reason of not being bound to go on with the contract, and for the hazards incident to full performance. (8 R. C. L., pp. 511, 512; *McConnell v. Corona City Water Co.*, 149 Cal. 60, 85 Pac. 929, 8 L. R. A., N. S., 1171; *Insley v. Shepard*, 31 Fed. 869.)

BUDGE, J.—Respondent brought this action against appellant, alleging in the complaint that at the special instance and request of appellant it had advanced money to him, paid out money on his account and paid out large sums of money to others on orders drawn upon it by appellant, and furnished him goods, wares and merchandise, all of the value of $18,901.89, no part of which had been paid except the sum of $8,311.20, leaving a balance due of $10,590.69, and praying for judgment in that amount.

Appellant's answer to the complaint admitted that respondent had advanced money to him, paid out money on his account and furnished him goods, wares and merchandise, but denied that there was a balance due to respondent of $10,590.69, or that he was indebted to respondent in any sum whatsoever.

[1] The answer is insufficient to raise an issue of fact. It does not contain a denial of the facts out of which the indebtedness was alleged to have arisen, and the mere denial of the indebtedness is but a denial of a conclusion of law and a conclusion of law itself. (*Swanholm v. Reeser*, 3 Ida. (Hasb.), 476, 31 Pac. 804; *Montana Electric Co. v. Thompson*, 36 Ida. 127, 207 Pac. 722; *Bistline v. Hartwigsen*, 39 Ida. 208, 226 Pac. 745; *Wallace B. & T. Co. v. First Nat. Bank*, 40 Ida. 712, 237 Pac. 284; *Merrigan v. English*, 9 Mont. 113, 22 Pac. 454, 5 L. R. A. 837; Bliss on Code Pleading, pp. 490, 491, sec. 334; Kerr's Pleading and Practice in the Western States, pp. 1430, 1433; 1 Bradbury's Rules & Forms of Pleading, pp. 1045, 1046, sec. 16; 2 Estee's Pleadings, pp. 560, 561.)

[2] Appellant's answer not amounting to a denial of the allegations in the complaint, every material allegation of the complaint must have been, for the purposes of the action, taken to be true (C. S., sec. 6717), and it was not error, therefore, to allow the admission in evidence of respondent's bill of particulars as well as certain items named therein growing out of other than the logging operations of appellant under his contract with respondent, since all of these went to make up the total amount of the indebtedness claimed against appellant and which, as stated, was not denied by appellant's answer. (*Lillienthal v. Anderson,* 1 Ida. 673, 677, 678.)

In view of the status of the case by reason of the admissions in appellant's answer, it is necessary to consider the case further only with respect to the issues raised by appellant's cross-complaint and respondent's answer thereto. Concerning an alleged breach of the contract by respondent in having a logging road across the land of one Cole permanently closed, appellant does not discuss this feature of the case in his brief, and we think the evidence wholly insufficient to establish any wrongdoing by respondent in this regard.

[3] Nor did the notification to appellant's employees and merchants with whom he was doing business that respondent would not be responsible for any money due or to become due to any of them and would not honor any further orders drawn on it by appellant, constitute a breach of the contract, as alleged in appellant's cross-complaint. At the time appellant ceased operations under the contract he had been advanced by respondent or it had paid out on his account a total of at least $18,901.89, and the contract between them provided that respondent should make advances for the logs to be delivered of not to exceed $5.50 per thousand feet. We think on the whole the evidence fairly establishes that appellant made delivery of 739,200 feet, that 808,000 feet had been cut but not delivered, and that 560,910 feet remained standing and uncut, making a total footage under the contract of 2,108,110. Advances on

this total at the rate of $5.50 per thousand would be only $11,595.65, so that it clearly appears the advances made were greatly in excess of any to which appellant was entitled.

[4] If we are correct in our conclusion that there was a total failure of proof of any breach of the contract on the part of respondent by which appellant was prevented from going on with the logging operations, the several instructions complained of covering the question of profits become immaterial. But even conceding that there may have been sufficient evidence to show that respondent had breached the contract, in order for appellant to recover he must have established that he could have realized a profit on a full performance of the contract, and after a careful study of the evidence on this point we are convinced that his costs of operation in making complete delivery would have exceeded the amount he was to receive therefor, so that he would not have realized any profit whatever. [5] And if, under any view of the case, appellant would not have been entitled to a recovery, the giving of erroneous instructions would not warrant a reversal. (38 Cyc. 1813.)

The order denying the motion for a new trial is affirmed.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.