DIGEN, APPELLANT, v. SCHULTZ, RESPONDENT.

(No. 4,914.)

(Submitted October 21, 1922.  Decided November 27, 1922.)

[210 Pac. 1057.]

*Real Property — Vendor and Purchaser — Vendor's Lien — Waiver—Pleading.*

Vendor's Lien—How Viewed by Courts.
1.  Since vendors' liens are secret and often productive of much hardship, they are not encouraged by the courts and should not be extended beyond the requirements of the settled principles of equity.

Same—When Deemed Waived.
2.  Where it appears that a vendor did not rely upon his lien, it will be regarded as waived, and any act or declaration on his part which shows that he did not rely upon it or abandoned it operates to prevent it from attaching or destroys it after it has attached.

Same—Waiver—How Shown.
3.  A vendor's intention to waive his equitable lien may be shown, not only by his express statement to that effect, but by the legal effect of his conduct of commission or omission implying a waiver.

Same—Waiver—Consideration and Writing Unnecessary.
4.  The right of a vendor to enforce his lien is personal and may be waived without consideration and without writing, and, when once waived, is gone forever.

Same—Definition.
5.  A "vendor's lien" is one which in equity is implied to belong to a vendor for the unpaid purchase price of land sold by him when he has not taken any other lien or security for the same beyond the personal obligation of the purchaser.

Same—Waiver by Taking Security.
6.  The lien of the vendor on lands for the purchase money is lost in all cases where any security is taken for the whole or a part of the purchase money, unless there is an express agreement to the contrary, and the fact that the security so taken may prove unavailing does not change the rule.

Same.
7.  Where plaintiff in an action to enforce his vendor's lien had assigned his interest in certain Northern Pacific land contracts with the proviso that, after approval by the railway company, they should be returned to and held by him as security for the payment of the purchase price, he showed that he did not rely upon his implied lien and thereby waived it.

2.  Loss of vendor's lien by taking security, see notes in 137 Am. St. Rep. 195; 13 Ann. Cas. 869; Ann. Cas. 1914D, 1225; 35 L. R. A. (n. s.) 91.

Same—Waiver—Matter of Defense—When Pleading Unnecessary.
   8.  While waiver of a vendor's lien is defensive matter and must, generally, be pleaded, it is not necessary for defendant to plead it where the facts constituting it are set forth in the complaint and testified to by plaintiff himself.

*Appeals from District Court, Yellowstone County, in the Thirteenth Judicial District; Joseph R. Jackson, a Judge of the Second District, presiding.*

ACTION by G. M. Digen against William B. Schultz. From a judgment for defendant and an order denying motion for a new trial, plaintiff appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Nichols & Wilson,* for Appellant; *Messrs. McDowell & Fosseen,* of the Bar of Minneapolis, Minnesota, of Counsel.

The law will presume the retention of a vendor's lien and it will only be regarded as waived, without payment, on clear and positive testimony. (29 Am. & Eng. Ency. of Law, 2d ed., p. 762; *Zeigler* v. *Valley Coal Co.,* 150 Mich. 82, 13 Ann. Cas. 90, 113 N. W. 775; *Zook* v. *Thompson,* 111 Iowa, 463, 82 N. W. 930.) Where a vendor's lien once attaches it can only be waived by the voluntary act of the parties. (Devlin on Deeds, sec. 1262; *Yetter* v. *Fitts,* 113 Ind. 34, 14 N. E. 707; *Jordan* v. *Buena Vista Co.,* 95 Va. 285, 28 S. E. 321.) The burden is on the subpurchaser to establish the waiver of a lien. If there is a doubt the lien attaches, and so long as the debt exists the courts will not presume the lien has been waived. (*Selna* v. *Selna,* 125 Cal. 357, 73 Am. St. Rep. 47, 58 Pac. 16.)

To constitute a waiver it must appear that the claimant has done some act which shows a determination on his part not to rely upon his lien (*Selna* v. *Selna, supra*). Digen, at the time he executed the assignment of August 8, 1914, was not required to say anything about his lien. (*Ferger* v. *Allen,* 35 Cal. App. 738, 170 Pac. 861.)

To constitute a waiver there must be some act, omission or assertion evincing an intention to waive it making it inequitable to thereafter assert it. (*Braun* v. *Kahn,* 176 Cal. 159, 167 Pac. 869.)

If a waiver is claimed, it is an affirmative defense which must be alleged in order to avail the respondent. If a waiver is claimed it must be set up in the answer. (*Seymour* v. *McKinstry,* 106 N. Y. 230, 12 N. E. 348, 14 N. E. 94; 3 Pomeroy's Equity Jurisprudence, 4th ed., p. 3016.) The evidence of waiver must be clear and convincing and must be pleaded as a defense. (*Zeigler* v. *Valley Coal Co.,* 150 Mich. 82, 13 Ann. Cas. 90, 113 Pac. 775; *Zook* v. *Thompson,* 111 Iowa, 463, 82 N. W. 930.)

A vendor's lien will prevail against one having an equitable title only. (*Walton* v. *Hargroves,* 42 Miss. 18, 97 Am. Dec. 429.) A vendee of an equitable estate is not an innocent purchaser. (*Butler* v. *Douglas,* 1 McCrary, 630, 3 Fed. 612.) A vendor's lien is enforced against a purchaser even for value of the equitable estate, whether with or without notice. (29 Ency. of Law, 755.)

*Messrs. Snell & Arnott* and *Messrs. Selover, Schultz & Selover,* for Respondent.

MR. COMMISSIONER FORD prepared the opinion for the court.

The plaintiff herein was, on the fifteenth day of December, 1913, the owner of two contracts, executed by the Northern Pacific Railway Company, as vendor, for the conveyance of a section of land in Yellowstone county, Montana. Under date of December 15, 1913, the plaintiff and one Baker entered into a contract by the terms of which the plaintiff bargained and sold the section to Baker. In the contract was the following provision: "It is understood and agreed that the two N. P. contracts mentioned above are collateral for the payment of $2,751.35 to the first party, his heirs and assigns.

[65 Mont. 190.]

until the above sum is paid." At the same time the plaintiff assigned to Baker the Northern Pacific contracts for the section of land, and indorsed on the contracts the following:

"St. Paul, December 15, 1913.

"For value received, I hereby sell, assign and transfer all my rights, title and interest in the within contract to William H. Baker of St. Paul, Minn., as per exchange contract attached.

"[Signed]    G. M. DIGEN."

Later a formal assignment was made of the Northern Pacific contracts by the plaintiff. This last assignment was, by its terms, made subject to the payment of $2,751.35 to plaintiff. The Northern Pacific contracts, together with the last assignment, were delivered to the agent of plaintiff to procure the consent of the railway company to the assignment, in accordance with the terms of the Northern Pacific land contract, which assignment the company refused to approve, and thereafter the plaintiff executed a straight assignment of the contracts to Baker, which was delivered to the agent of plaintiff, to be delivered to Baker, to obtain the consent of the railway company to the assignment. When this was obtained, the contracts were to be returned to and held by the plaintiff in the nature of security for the payment of the $2,751.35.

At the time the plaintiff and Baker entered into the contract for the sale of the land covered by the Northern Pacific contracts, all the purchase price therefor, save and except the sum of $2,751.35, was paid, and for that sum Baker gave to the plaintiff five promissory notes of $550.17 each; Baker assigned the Northern Pacific contracts to one Derringer; and Derringer assigned them to the defendant Schultz. Thereafter, the defendant tendered the amount unpaid on the Northern Pacific contracts to the railway company, and demanded a deed; and about the same time the plaintiff tendered the amount due on the contracts and demanded a conveyance. Both were refused by the company, and the defendant herein brought an action in the state of Minnesota against

the Northern Pacific Railway Company, setting forth the issuance of the contracts, their assignment, the tender of the balance unpaid, and demanding a conveyance. In that action the plaintiff here intervened, setting forth the facts heretofore enumerated. The Minnesota court found that the defendant Schultz was the owner of the contracts and directed the conveyance of the lands to him, but in its judgment, by a memorandum attached, expressly stated that it did not decide the question of a vendor's lien for the reason that it had no jurisdiction to do so. All proceedings in the court of the state of Minnesota are pleaded by the defendant as a bar to this action.

Findings of fact and conclusions of law were made and filed herein by the trial court, in favor of the defendant, and judgment was entered thereon, from which judgment and an order denying plaintiff's motion for a new trial these appeals are prosecuted.

The questions presented in this court for decision are: (1) Did the plaintiff ever have a vendor's lien? (2) Has the same been waived? (3) If not waived, does the defendant occupy the position of a *bona fide* purchaser for value?

Assuming, but not deciding, that the plaintiff ever had a [1-4] vendor's lien, we think that he waived it. As vendors' liens are secret, unknown to the world, and often productive of much hardship, they are not encouraged by the courts, and should not be extended beyond the requirements of the settled principles of equity. If the vendor did not rely on his lien, it should be regarded as waived, and any act or declaration on his part, which shows that he does not rely upon it or has abandoned it, operates to prevent it from attaching or destroys it after it has attached. These principles are always strenuously enforced; and, even though the vendor may do no act which would indicate a voluntary waiver, the lien may still be lost as a result of his own acts or by his failure to act, and for all practical purposes become extinguished. (2 Warvelle on Vendors, sec. 698, p. 826; *Moshier*

v. *Meek,* 80 Ill. 79.)    If it appear that the vendor did not intend to rely upon his equitable remedy, the court will not thrust it upon him, and his intention may be shown, not only by his express statement to that effect, but, as more often happens, by the legal effect of his conduct from which the waiver is implied.    Thus the lien may be .extinguished involuntarily by his act of omission or commission.    (29 Am. & Eng. Ency. of Law, 2d ed., p. 762.)    The right afforded of enforcing payment of the consideration against the property conveyed is a personal one/ and may be waived and relinquished without consideration and without writing, and, when once waived, is gone forever.    (*Finnell* v. *Finnell,* 156 Cal. 589–594, 134 Am. St. Rep. 143, 105 Pac. 740.)

A vendor's lien is that lien which in equity is implied to
[5, 6]   belong to a vendor for the unpaid purchase price of land sold by him, when he has not taken any other lien or security for the same beyond the personal obligation of the purchaser.    Such liens are the creatures of equity, and not created by contracts of the parties.    A lien created by express written contract between the vendor and vendee is not a vendor's lien, but is a security more in the nature of a mortgage. The lien of the vendor on lands for the purchase money is lost in all cases when any security is taken on the land or otherwise, for the whole or· a part of the purchase money, unless there is an express agreement to the contrary.    That the additional security so taken should prove unavailing does not affect the question.    The lien is waived by the taking of the security because it shows the intention of the vendor not to rely upon his implied equitable lien.    (*McKeown* v. *Collins,* 38 Fla. 276, 21 South. 103–106.)

When the plaintiff attempted to reserve an equitable mort-
[7]   gage by his agreement of December 15, 1913, by his assignment of the Northern Pacific contracts at the same time, and by his further assignment of the contracts on December 23, 1913, and when, after executing the assignment of January 8, 1914, he requested that the Northern Pacific contracts

[65 Mont. 190.]

be returned to him, as agreed, to be held by him as security for the payment of the sum of $2,751.35, he did not rely upon his implied vendor's lien, if he had one, and thereby waived the same.

It is urged by counsel for plaintiff that waiver is an affirma-[8] tive defense, which must be set up in the answer. This is undoubtedly the law, when the facts constituting the waiver do not otherwise appear. A waiver of lien is defensive matter which must generally be pleaded in the answer unless it otherwise appears. (25 Standard Ency. of Proc. 737.) The facts above related, constituting the waiver, are set forth in the plaintiff's complaint, and are also testified to by the plaintiff himself, which may be taken advantage of by the defendant. (*Scott* v. *Edgar* (Ind. App.), 60 N. E. 468; *Faver* v. *Robinson*, 46 Tex. 204.) What we have said herein renders unnecessary a decision of the third question presented.

We recommend that the judgment and order be affirmed.

Per Curiam: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*