(No. 5071.   May 8, 1929.)

LEE SMITH, Appellant, v. GABRIEL HOLMQUIST and
IDAHO GRIMM ALFALFA SEED GROWERS ASSO-
CIATION, a Corporation, Respondents.

[277 Pac. 574.]

F. E. Tydeman and E. G. Frawley, for Appellant.

F. J. Cowen, for Respondents.

T. BAILEY LEE, J.—Appellant Smith sued respondents Holmquist and Idaho Grimm Alfalfa Seed Growers Association, a corporation, for converting a crop of seed, upon which, at the time of conversion, there was a valid and subsisting, duly recorded mortgage given plaintiff by defend-

ant Holmquist to secure the latter's note to plaintiff in the sum of $400.

The defendants answered, generally denying plaintiff's allegations, pleading duress in the execution of said note and mortgage, false representations by plaintiff of a certain tract of land it was alleged he had induced defendant Holmquist to purchase for a price of $3,000, and a total failure of consideration, to the latter's damage, "to the extent of the amount agreed to be paid therefor."

The jury returned a verdict, simply "in favor of the defendants," and from the subsequently entered judgment this appeal is taken. Among the multitudinous errors assigned are these: that there is no competent evidence to support the verdict, and that the verdict is contrary to law.

The evidence discloses that the parties negotiated in March, 1920, for the property, defendant Holmquist giving plaintiff a real estate mortgage for $2,400 and a crop mortgage for $600; that on July 2d following, Holmquist discovered what he alleged were Smith's fraudulent representations, and that, notwithstanding this discovery, he harvested the standing crop planted by Smith, consisting of some 265 bushels of wheat, worth not less than $300, and paid Smith $200 on the $600 note secured by crop mortgage. On June 2, 1921, foreclosure proceedings having been instituted on the $600 note and mortgage to collect the balance due, Holmquist, in order to escape the sheriff's impending seizure of the mortgaged crop, executed to Smith the $400 note and mortgage in question. There was no duress there. There is no evidence whatever that Holmquist ever charged Smith with fraud or ever attempted to rescind. In fact, no mention of rescinding appears ever to have been heard of until the answer was filed April 21, 1923, nearly three years after the declared discovery of the alleged fraud. Under such a state of facts, defendant Holmquist had lost all right to rescind.

The Idaho Grimm Alfalfa Seed Growers Association had bought from Holmquist the 1921 crop of alfalfa seed, consisting of 3,889 pounds, at 31½ cents per pound. What,

then, was the status of the parties defendant with respect to plaintiff Smith? Clearly, the defendant Idaho Grimm Alfalfa Seed Growers Association could not urge as a defense misrepresentations which might have victimized its vendor. (27 C. J. 6, sec. 117.) Furthermore, it purchased the crop with constructive notice of plaintiff's outstanding mortgage. That mortgage, valid and subsisting, had never been rescinded, and is still in full force and effect. The liability of the Idaho Grimm Alfalfa Seed Growers Association is therefore plain.

The remedy of defendant Holmquist, if any he had, at the date of trial was a set-off in damages, conceding that there had been partial failure of consideration. Total failure, under the facts, was impossible. Defendant held title to 320 acres of land, several acres of which he admitted were tillable. Upon that land were a house and fences. He had taken off a standing crop worth $300; and he was out of pocket only $200. His damages, if proven, would have been the difference between the actual value of the property received and the sum he had paid as purchase price.

The jury evidently squared accounts, considering that the defendant in paying the $200 had paid all the property was worth. Such a verdict might be upheld, had there been any competent evidence to support it. But there was none. Outside the value of the standing crop which exceeded defendant's outlay, the record is absolutely silent as to the value of the land, house or fences. The jury had no basis whereon to pivot damages.

Judgment reversed, and the trial court directed to enter judgment in plaintiff's favor against both defendants. Costs to appellant.

Givens, Wm. E. Lee and Varian, JJ., concur.