(No. 6435.   October 25, 1937.)

COMMERCIAL STANDARD INSURANCE COMPANY, Appellant, v. W. A. REMAY, Respondent.

[72 Pac. (2d) 859.]

Anderson, Bowen & Anderson, for Appellant.

A. A. Merrill and L. H. Merrill, for Respondent.

MORGAN, C. J.—June 18, 1935, respondent entered into a conditional sale contract with Pelton Motor Company, of Los Angeles, California, hereinafter called the seller, to purchase a used Dodge automobile. By a policy issued to the seller by appellant the faithful performance, by respondent, of the conditional sale contract was insured. One of the provisions of the conditional sale contract was that title to the automobile should not pass to respondent until all payments therefor had been made. In payment of $145 of the purchase price of the Dodge automobile respondent delivered to the seller a used Oldsmobile. The contract required respondent to pay $33.15 July 15, 1935, and $27.12 August 5, 1935, and $27.12 on the fifth of each month for seventeen months thereafter, to complete the purchase. The contract was executed in California and it was stipulated therein that the purchaser should not remove the automobile, nor permit it to be removed, from that state without the seller's written permission. Paragraph 4 was as follows:

"Possession of said property shall give Purchaser no title or interest therein and no rights except as herein provided. If Purchaser shall fully comply with the terms, covenants and conditions of this contract, and make all of the payments as herein provided, Seller agrees to deliver to Purchaser bill of sale for said property, or if provided for in the State in which this contract is executed, certificate of ownership for said property, properly endorsed. Time and each of the terms, covenants and conditions hereof are hereby declared to be of the essence of this contract, and acceptance by Seller of any payment hereunder, after the same is due, shall not constitute a waiver by him of this or any other provision of this contract."

The contract also provided that should purchaser fail or neglect to comply with any term or condition thereof the

seller might declare the purchaser's rights terminated and immediately take possession of the automobile.

Shortly after August 5, 1935, the date on which the first $27.12 instalment was paid, respondent removed with the automobile from California to Idaho. Thereafter he made payments to the seller as follows: $27.12 by check drawn on Rigby Branch, American National Bank, Rigby, Idaho, dated October 1, 1935; $27.12 by check drawn on said bank, dated October 5, 1935, $27.12 by check drawn on said bank, dated November 5, 1935; $27.12 by post office money order dated December 10, 1935, issued by United States post office at Cleveland, Ohio; $27.12 by check drawn on American National Bank, Idaho Falls, Idaho, dated February 14, 1936; $27.12 by check drawn on Rigby Branch, American National Bank, dated March 27, 1936. These checks and the money order were received and cashed by the seller. From the foregoing it will be seen the instalment of $27.12 which, by the terms of the contract, was due January 5, 1936, was not paid.

Respondent also forwarded to the seller a check on the Rigby Branch, American National Bank, for $27.12, dated April 20, 1936, and another, on the same bank, for $54.24, dated May 5, 1936, which bore statements showing they were for payments number 8 and numbers 9 and 10. These last mentioned checks were not presented for payment and were returned to respondent who refused to accept them.

Early in March, 1936, the seller made demand on appellant, based on asserted default by respondent in making payments provided for in the contract, and in removing the automobile from California, that it return the automobile to the seller or pay the balance due thereon according to the terms of the policy of insurance. The seller made two assignments of the conditional sale contract and the property therein described to appellant; one dated April 20, 1936, and one dated May 2, 1936.

May 6, 1936, this action, for claim and delivery, was commenced by appellant to recover possession of the automobile or $450, alleged to be the value thereof, in case delivery could not be had.

Appellant alleged, in the amended complaint, its corporate existence; sale of the automobile by the seller and purchase

thereof by respondent; the terms of payment of the purchase price, and delivery of the automobile by the seller to respondent. These allegations were admitted by the answer. Appellant also alleged that, after signing the contract, respondent removed the automobile from California to Idaho without the knowledge or consent of the seller or of appellant or anyone else having authority to give consent to its removal; that the contract provided respondent would not remove the automobile, nor permit the removal of it, from California without the written consent of the seller, and that the right to retain possession thereof by respondent was terminated by its removal. Appellant further alleged respondent failed and refused to make payments in accordance with the contract and thereby forfeited his right to retain possession of the automobile; that after default in payments by respondent, the seller sold and assigned the conditional sale contract and all right, title and interest in and to it to appellant and that the latter was the lawful owner of the same and entitled to all right, title and interest in the contract and said automobile. It was further alleged that respondent unlawfully withheld and detained the automobile from appellant's possession and that the reasonable market value thereof was $450.

Respondent, in his answer, by general denial, placed in issue all the allegations of the amended complaint except those above stated to have been admitted, and alleged the value of the automobile to be $800. As a further answer and cross-complaint he alleged the purchase by him of the automobile; the making of the conditional sale contract, and the delivery of the automobile by the seller to him; also that on May 6, 1936, while he was lawfully in possession of said automobile, appellant unlawfully took and carried it away and converted and disposed of it to its own use, against his will and without his consent, to his damage in the sum of $800, the reasonable value thereof, less $211.92, the amount unpaid, but not then due by the terms of the contract. As a second cause of cross-complaint he alleged, among other things, that at the time the automobile was taken from his possession it had a useable value, exclusive of the expense of operation, upkeep and depreciation, of $4 per day from May 6, 1936,

until the time of trial, in which amount, he prayed for judgment against appellant, in addition to the value of the automobile, less the amount remaining unpaid on the purchase price of it, and for $500 exemplary damages.

The trial resulted in a verdict in which the value of the automobile, at the time it was taken from respondent, was found to be $650. The jury also assessed $530 as damages sustained by respondent by reason of the taking and detention of the automobile by appellant. Judgment was entered on the verdict in favor of respondent and against appellant in the sum of $1180, together with interest and costs. This appeal is from the judgment.

After the case was called for trial one of respondent's attorneys moved to amend the answer by adding thereto a paragraph which he said was ''for the purpose of alleging the doctrine of estoppel.'' His statement to the court, in support of his motion, indicated the amendment had to do with respondent's taking the automobile out of California without the consent of the seller. However, the amendment offered made no reference to that provision of the contract nor to the removal of the automobile, but was as follows:

''Further answering said complaint, and as an affirmative defense thereto, this defendant alleges:

''That the payments made on said car on July 15, and August 5, 1935, were made in cash, lawful money of the United States; that all other payments were made by bank checks which the Pelton Motor Company and the plaintiff accepted and received, save and except the payment made December 10, 1935, which payment was made by the defendant delivering to the Pelton Motor Company a United States Post Office money order; that by reason of the Pelton Motor Company and the plaintiff accepting said bank checks, they have selected this medium of payment, and are now estopped from asserting that the medium of payment made by the defendant is not strictly in accordance with the terms of said contract, which provides that said payments must be made in gold coin of the United States of America of the present standard.''

Objection was made to the amendment on the ground it was offered too late and the objection was sustained.

No effort was made to forfeit the contract or respondent's right to possession of the automobile because the payments made, or those tendered and not accepted, were by check instead of money. Appellant's cause of action was based on respondent's default, consisting of failure to make payments, and in removing the automobile from California without the written consent of the seller.

In the course of the discussion of the proposed amendment to the answer the judge made a remark which may have misled respondent to his injury. It was, "But, in so far as this may be considered a defense or response to the question of consent to the removal of the car, the evidence was admissible under the denial." If that statement was intended as a ruling that, as the pleadings then were and now are, evidence was admissible of waiver of the seller's right to have the automobile remain in California, unless and until it gave consent in writing to its removal, or that its assignee was estopped, by its conduct, to urge a violation of the contract in that particular, it was erroneous.

The ruling on the motion to amend was correct, because it came too late. Appellant's evidence consisted of depositions of witnesses, taken in California, and it would have been in no position to proceed with the trial of an issue of waiver or estoppel. However, in view of the remark of the trial judge to the effect that evidence of consent, other than in writing, to the removal of the automobile from California was admissible under the denial, respondent's counsel may have understood that a motion for continuance in order to permit them to amend the answer and plead waiver or estoppel was unnecessary.

The record in this case shows that, although neither waiver nor estoppel was pleaded by respondent, he relied on both as defenses to the charge that he was in default in his payments and that he had removed the automobile from California without written consent. These are special defenses and evidence thereof is inadmissible under a general denial.

"Analogous in this respect to laches, which when relied upon as a defense must be pleaded, waiver must be pleaded, and is not open as a defense under a general denial. If the waiver in question arises by reason of an estoppel, to be taken advantage of, it must be pleaded under the principle that, if there is an opportunity to plead an estoppel, it must be pleaded; but, where the waiver contains no element of estoppel, and is not asserted against an opposing litigant, there is no rule of law requiring that it shall be pleaded." (67 C. J. 308, sec. 9.)

See, also, 49 C. J. 294, secs. 361, 800, 1183; *McKune v. Continental Casualty Co.* (on rehearing), 28 Ida. 31, 154 Pac. 993; *Coeur d'Alene v. Spokane etc. R. R. Co.,* 31 Ida. 160, 169 Pac. 930; *Seat v. Quarles,* 31 Ida. 212, 169 Pac. 1167; *Mabee v. Continental Cas. Co.,* 37 Ida. 667, 219 Pac. 598, 37 A. L. R. 348; *Neitzel v. Lawrence,* 40 Ida. 26, 231 Pac. 423; *Hess v. Hess* (on petition for rehearing), 41 Ida. 364, 239 Pac. 958; *Jackson v. Lee,* 47 Ida. 589, 277 Pac. 548; *Nashua River Paper Co. v. Lindsay,* 242 Mass. 206, 136 N. E. 358; *Harrington v. Feddersen,* 208 Iowa, 564, 226 N. W. 110, 66 A. L. R. 59; *Evans v. Queen Ins. Co.,* 4 Ind. App. 198, 31 N. E. 843; *Rasmussen v. Levin,* 28 Colo. 448, 65 Pac. 94; *Aronson v. Frankfurt Accident & Plate Glass Ins. Co.,* 9 Cal. App. 473, 99 Pac. 537; *Lord v. Miller,* 86 Wash. 436, 150 Pac. 631; *Digen v. Schultz,* 65 Mont. 190, 210 Pac. 1057.

Respondent's counsel sought to prove by him a conversation he had with an employee of the seller to whom he made his payment August 5, 1935. The apparent purpose of the testimony sought to be introduced was to show the seller had waived the covenant in the contract against removing the automobile from California without its written consent, and that appellant, its assignee, was estopped to assert the removal as ground of forfeiture. Respondent's contention was thus stated by his counsel:

"We take the position, your Honor, that they are estopped to deny, in any event, that the witness took the car out of the state of California without their consent, because they acquiesced in the very thing he did by accepting payments after he left, some nine or ten of them; every month they

accepted of them, and cashed the checks and got their money on them. Now, if he went to them and made his payment, he certainly ought to be entitled to testify to what transpired by way of the conversation at that time that pertained to this transaction or this car.''

The testimony was rejected, and the ruling rejecting it was correct because the pleadings did not present an issue of waiver or estoppel.

■ At the close of the introduction of evidence, counsel for appellant moved for a nonsuit of the causes of action stated in respondent's cross-complaint. Also, that the jury be directed to return a verdict in appellant's favor on the cause of action stated in its complaint. The ruling on these motions was as follows:

''The motion for non-suit as to punitive damages will be granted; and the motion in respect to the second cause of action of the cross-complaint, in so far as it seeks recovery for loss of the use of the car, will be denied; and the motion for non-suit generally will be denied. I believe, however, those are strictly speaking motions for a directed verdict. But, in whatever light they are properly before the court, that is the ruling.''

That ruling, so far as it related to punitive damages, was correct.

■ The most difficult question in this case is as to whether we should direct the trial court to enter judgment in appellant's favor. The evidence supporting the allegations of the complaint is undisputed and that tending to establish waiver of the performance of the contract was inadmissible because not responsive to any issues framed by the pleadings. However, in view of the condition of this record, we believe the ends of justice will be better served by reversing the judgment and ordering a new trial. By so doing the parties will be given an opportunity to amend their pleadings so as to properly frame the issues sought to be presented at the former trial.

It should be borne in mind the causes of action stated in the cross-complaint are for conversion, not claim and delivery. Therefore, respondent's measure of damage, if he is found to

be entitled to recover, is the value of the automobile at the time it was taken from his possession, less the amount he owed on the purchase price, together with interest at the legal rate on the net balance. (*Averill M. Co. v. Vollmer-Clearwater Co.,* 30 Ida. 587, 166 Pac. 253.)

The judgment is reversed with direction to grant a new trial. Costs are awarded to appellant.

Holden and Ailshie, JJ., concur.

BUDGE, J., Dissenting.—In my opinion the judgment in this case should not be reversed for the reasons stated in the majority opinion. The ground of reversal is based upon the failure of respondent to affirmatively allege in his answer waiver or estoppel. Generally speaking when waiver or estoppel are relied upon as a defense they should be specially pleaded. There are however exceptions to this general rule. In the case at bar the appellant in seeking to establish forfeiture under the terms of the conditional sales contract introduced evidence showing that the specific terms or provisions of the conditional sales contract had not been complied with by respondent. On the other hand respondent introduced evidence showing waiver of the specific terms of the conditional sales contract by appellant's assignor. Under the pleadings there were two grounds of forfeiture relied upon. First; that respondent had removed the car in question from the state of California without the permission, knowledge or consent of the Pelton Motor Company, appellant's assignor, or appellant, and second; that appellant as assignee of the Pelton Motor Company was entitled to repossess the car by reason of the failure of respondent to make payments according to the terms of the conditional sales contract. The evidence upon these two questions, and which by the way are the only two serious questions involved, was fully submitted to the court and by the court in its instructions to the jury. The court directly instructed the jury upon both of these questions and the jury passed upon them. The entire record is here for review. No useful purpose could be served by remanding the case for a new trial. To do so would merely result in respondent setting up affirmatively waiver or es-

toppel; the same evidence would of necessity be resubmitted and this court would be in no better position upon a retrial and appeal than it now is to dispose of this case.

In *Pease v. Teller Corp., Ltd.*, 22 Ida. 807, 128 Pac. 981, this court, speaking through the late Chief Justice Stewart, laid down the following rule which to my mind is applicable:

"Where the entire facts are presented to the court in an action to enforce the specific performance of a contract, the rights of the parties to the contract should not be adjudged upon technical or narrow questions or considerations so as to do injustice to the parties to the contract, but the court should give full consideration to all the facts and the intention and action of the parties, and give such judgment as will be just and equitable to the parties thereto."

In *Loftis v. Pacific Mut. Life Ins. Co.*, 38 Utah, 532, 114 Pac. 134, at 141, it is said in the syllabus and borne out in the opinion, that:

"Where a party was not prevented from meeting the evidence of waiver at the trial to the same extent as though waiver had been pleaded, the error, if any, in admitting evidence of waiver because not pleaded, was not prejudicial, and under the statute the court could not reverse the judgment on that ground."

Upon reading the record it cannot be logically contended that appellant was prevented from meeting the evidence of waiver or estoppel (conceding, but not deciding, that under the pleadings either the question of waiver or estoppel is involved) at the trial to the same extent as though waiver had been in fact pleaded. A careful examination of the record discloses the fact that appellant was not affected in any substantial right by reason of the admission of the evidence of waiver, although it be conceded that it was not admissible under the general denial. In fact appellant made no objection to the admission in evidence of the various checks showing the time, manner and mode of payments to appellant's assignor on the conditional sales contract. Under such circumstances, the error, if one was committed in admitting the evidence, was technical rather than substantial and thus was

not an error which, under I. C. A., sec. 5–907, would warrant a reversal. Said section provides:

"The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties and no judgment shall be reversed or affected by reason of such error or defect."

In the course of the opinion in *Hartley v. Bohrer,* 52 Ida. 72, 11 Pac. (2d) 616, Justice Leeper uses the following language:

"Under the requirement of C. S. sec. 6728, (Now I. C. A. sec. 5–907) and the settled practice of this court a judgment will not be reversed for errors and defects in the pleadings which do not affect the substantial rights of the party complaining. (*Dangel v. Levy,* 1 Ida. 722; *White v. Johnson,* 10 Ida. 438, 79 Pac. 455; *Schultz v. Rose Lake Lumber Co.,* 27 Ida. 528, 149 Pac. 726; *Joyce Brothers v. Stanfield,* 33 Ida. 68, 189 Pac. 1104; *W. T. Rawleigh Co. v. Van Duyn,* 32 Ida. 767, 188 Pac. 945; *Applebaum v. Stanton,* 47 Ida. 395, 276 Pac. 47; *Smith v. Peterson,* 31 Ida. 34, 169 Pac. 290; *Strong v. Oregon Short Line R. R. Co.,* 31 Ida. 48, 169 Pac. 179; *Bumpas v. Moore,* 31 Ida. 668, 175 Pac. 339.)"

Under the issues raised by the pleadings evidence of waiver was admissible although not affirmatively pleaded. Respondent's answer denied the nonperformance of the contract as alleged in appellant's complaint, and furthermore in respondent's cross-complaint he affirmatively alleged full performance of the conditions of the conditional sales contract. Appellant in its answer to respondent's cross-complaint denied the full performance of the conditional sales contract. In such circumstances where a pleading contains an allegation of the performance of a condition it is not absolutely necessary to allege a waiver because proof thereof is admissible under the general allegations. (*Stephens v. Union Assur. Soc.,* 16 Utah, 22, 50 Pac. 626, 67 Am. St. 595.)

GIVENS, J., Dissenting.—I think the judgment should be reduced to $968.07, and affirmed in that amount.