UNITED STATES v. CHICKASHA COTTON OIL CO.

No. 2084.

Circuit Court of Appeals, Tenth Circuit.

Oct. 22, 1940.

---

George H. McElroy, Asst. U. S. Atty., of Oklahoma City, Okl., and Paul A. Sweeney, Sp. Asst. to Atty. Gen. (Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., Francis M. Shea, Asst. Atty. Gen., and Walter S. Surrey, Atty., Department of Justice, of Washington, D. C., on the brief), for appellant.

Alger Melton, Clarence McElroy, and Owen Vaughn, all of Chickasha, Okl., for appellee.

Before. PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

This is a suit instituted by the United States against Chickasha Cotton Oil Company, doing business under the name of Chickasha Gin Company. The litigation arises out of the sale of mortgaged property. Vurlen Brooks and wife executed and delivered two chattel mortgages to the Resettlement Administration in the Department of Agriculture of the United States. Both were executed in 1937; they covered certain livestock and all crops planted or grown or to be planted or grown during that calendar year upon a described farm in Washita County, Oklahoma; and they were duly filed for record in that county. After picking the cotton covered by the mortgages, Brooks sold to defendant at its gin in Mountain View, Kiowa County, about four or five miles distant from the farm where it was grown, six bales of such cotton, certain cotton seed, and certain cotton bolls. Defendant paid Brooks therefor but he failed to deliver the money to the government or to otherwise account for it. The other property covered by the mortgages was sold and the proceeds applied on the indebtedness. The United States then brought this suit to recover the amount which defendant paid Brooks for the mortgaged property purchased from him.

The court found that the rural supervisor of the Farm Security Administration for Washita County had made it a practice to permit mortgagors to market their cotton, collect the proceeds, and pay such proceeds to him in settlement of any mortgages which the United States held thereon; that such practice was well known among farmers who had mortgaged their cotton to the United States, and was well known to and recognized by ginners in such county, including defendant; that it was the custom of the federal agencies holding mortgages on cotton to furnish a list of mortgagors to the various gins in order that the rights of the United States might be protected; that the agent in this case did not furnish such a list to the gins; but that the mortgagor (mortgagors) marketed the cotton, collected the proceeds therefrom and made settlement of their notes to him as the agent of the United States. The court concluded that such conduct constituted a waiver of the right of the United States to hold the defendant for the failure of Brooks to account for the proceeds paid to him for the mortgaged property. Judgment was rendered for defendant, and the United States appealed.

Section 11277, Oklahoma Statutes 1931, 46 Okl.St.Ann. § 57, provides that a mortgage upon personal property is void as against subsequent purchasers for value unless the original or a certified copy thereof is filed in the office of the county clerk of the county where the property, or any part thereof, is situated at the time; and section 11279, 46 Okl.St.Ann. § 58, provides that where a mortgage is regularly filed and the property is moved to another county, the filing shall not operate as notice as against subsequent purchasers for a longer period than one hundred and twenty days after such removal. Construing these two sections together, it is settled law in Oklahoma that if personal property covered by a chattel mortgage duly filed is removed into another county, such mortgage continues for a period of one hundred and twenty days to impart constructive notice to subsequent purchasers and incumbrancers. Morgan v. Stanton Auto Co., 142 Okl. 116,

285 P. 962; Cassity v. First National Bank, 143 Okl. 42, 287 P. 392; Drum Standish Commission Co. v. First National Bank & Trust Co., 168 Okl. 400, 31 P.2d 843. It is not contended that the property in question was moved into Kiowa County more than one hundred and twenty days prior to the sale. It therefore is clear that defendant had constructive notice of the mortgages at the time it made the purchase.

These mortgages were never released, either in writing or verbally; and there was no effort to specifically waive these liens in particular. The court did not conclude that they had been released, or specifically waived. Instead, it concluded that the conduct of the local agent of the United States in Washita County in permitting mortgagors of cotton to sell their cotton to various gins, with the understanding that the mortgagors would deliver the proceeds to him for application on the notes, constituted a waiver of the right to hold the purchaser in this instance for the property purchased. The record is barren of any indication that the local agent was empowered by any superior authority to waive chattel mortgage liens of the United States. And, in the absence of expressly conferred power emanating from an authorized source, he could not waive by conduct or otherwise the lien upon the property sold to defendant. United States v. Thomas, 5 Cir., 107 F.2d 765.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.