**UNITED STATES of America,
Plaintiff,**

v.

**Roy S. WHITE, doing business as White
Hardware & Implement Company,
Defendant.**

**No. 3248.**

United States District Court
D. Idaho, S. D.
July 30, 1956.

Sherman F. Furey, Jr., U. S. Atty. for District of Idaho, and Marion J. Callister, Asst. U. S. Atty. for District of Idaho, Boise, Idaho, for plaintiff.

Vernon Daniel, Payette, Idaho, for defendant.

TAYLOR, District Judge.

This is an action for the conversion of a tractor and plow, and was tried before the Court without a jury on June 18, 1956. At the close of the testimony the matter was taken under advisement, and briefs were subsequently submitted by the respective parties to the action. This Court has jurisdiction by virtue of 28 U.S.C.A. § 1345; United States v. Butt, 10 Cir., 203 F.2d 643.

Rodney and Coy Jensen, husband and wife, borrowed $3,500 from the Farmers Home Administration, an agency of the federal government, delivered their note, dated September 28, 1951, as security, and, on March 20, 1952, executed a chattel mortgage on certain livestock and farm machinery on their ranch in Gem County, Idaho, as security for the note. The mortgage provided that the mortgagors could not sell, remove or encumber the mortgaged property and that if they failed to comply with any of the covenants or agreements contained therein the mortgagee could foreclose the mortgage by taking possession of the mortgaged property. This mortgage was recorded in Gem County on March 21, 1952. On April 17, 1952, Rodney Jensen, without obtaining the consent of the mortgagee, sold a tractor and plow, covered by the mortgage, to the defendant. The latter's employees went to the Jensen ranch in Gem County, took possession of the tractor and plow, and transported them to the defendant's place of business in Payette County, Idaho. Defendant made no effort to determine whether a chattel mortgage covering this machinery was on record in Gem County, although he did make an inquiry in Payette County. The defendant overhauled and painted the tractor, and offered it and the plow for sale to the general public. This machinery depreciated in value from $700 to $375 during the succeeding three and one-half years. Approximately six months ago the plaintiff discovered that the Jensens had disposed of the property covered by the mortgage and that the defendant had purchased the tractor and plow, and demanded payment from the defendant in the sum of $700. The latter refused to pay, but offered to return the machinery. The plaintiff rejected defendant's offer and reiterated its demand for payment.

It appears from the evidence that the tractor and plow were on the Jensen ranch immediately prior to the time the mortgage was recorded. In the absence of any proof to the contrary, it is presumed that this machinery was in Gem County on March 21, 1952, the date on which the mortgage was filed for record. 20 Am.Jur., Evidence, § 207; cf. In re Black, 58 Idaho 803, 80 P.2d 24. The duly recorded mortgage afforded constructive notice to the defendant, who

**756**

purchased the mortgaged tractor and plow from the mortgagor on April 17, 1952; § 45–1103, Idaho Code. See Twin Falls Bank & Trust Co. v. Weinberg, 44 Idaho 332, 342, 257 P. 31, 54 A.L.R. 1527.

"The record of a chattel mortgage, although called constructive notice, is equivalent to, and as binding as, actual notice." 10 Am.Jur., Chattel Mortgages, § 121. And one who purchases mortgaged property with notice of the mortgage and without the mortgagee's consent is liable to the latter for conversion. Twin Falls Bank & Trust Co. v. Weinberg, supra; Smith v. Holmquist, 47 Idaho 611, 277 P. 574; Bodenhamer v. Pacific Fruit & Produce Co., 50 Idaho 248, 295 P. 243; 14 C.J.S., Chattel Mortgages, § 264; see, also: Denver Live Stock Commission Co. v. Lee, 8 Cir., 18 F.2d 11, 16; United States v. Fleming, D.C., 69 F.Supp. 252, 257. The circumstances in the case at bar seem to warrant the application of a more liberal rule as to what constitutes conversion, but this Court must apply the rule announced by the Supreme Court of Idaho. The defendant had constructive notice of the mortgage, he purchased the mortgaged machinery without securing the mortgagee's consent, and he is liable to the latter for conversion. Since the purchase of the tractor and plow constituted a conversion, a demand and refusal were unnecessary. 14 C.J.S., Chattel Mortgages, § 264; 53 Am.Jur., Trover and Conversion, § 88.

■■ When the demand for payment was made the defendant offered to return the machinery. The plaintiff was entitled to reject that offer and insist upon payment of the value of the tractor and plow at the time of their conversion. 53 Am. Jur., Trover and Conversion, § 65. The general rule is that in an action for the conversion of personal property the plaintiff may recover the reasonable market value of such property at the time of its conversion. Twin Falls Bank & Trust Co. v. Weinberg, supra; Commercial Standard Ins. Co. v. Remay, 58 Idaho 302, 72 P. 859, 120 A.L.R. 1; 53 Am.Jur., Trover and Conversion, §§ 94, 98, 184.

Plaintiff is entitled to interest at the legal rate from that date. Averill Machinery Co. v. Vollmer-Clearwater Co., 30 Idaho 587, 166 P. 253; Commercial Standard Ins. Co. v. Remay, supra. It is agreed that the tractor and plow were worth $700 at the time of their purchase by the defendant.

Plaintiff is entitled to recover from defendant as damages the sum of $700, together with interest thereon at the rate of six per cent per annum from April 17, 1952.

Counsel for plaintiff may prepare findings of fact, conclusions of law and a proposed judgment, serve copies thereof upon counsel for the defendant and submit originals to the Court for its approval.