UNITED STATES of America, Plaintiff,

v.

S. Herbert HANSEN and Harry Summers, partners, d/b/a Hansen and Summers, Defendants.

UNITED STATES of America, Plaintiff,

v.

Raymond MERK, d/b/a Merk Grain and Feed Company, Defendant.

UNITED STATES of America, Plaintiff,

v.

Theodore R. ANDERSEN, Defendant.

Civ. Nos. 2-398, 2-399, 2-418.

United States District Court
S. D. Iowa, W. D.
Filed Feb. 19, 1962.

Roy W. Meadows, U. S. Atty., Des Moines, Iowa, for plaintiff.

Dale D. Levis and L. K. Madsen, Audubon, Iowa, for defendants.

STEPHENSON, Chief Judge.

These actions were brought by plaintiff, United States of America against defendants to recover for conversion of hogs and corn purchased by defendants which at the time were included in a chattel mortgage held by the Farmers Home Administration. These actions were consolidated for trial and tried to the court without a jury. Additional time was granted to the parties in which to file supplemental briefs.

The court has jurisdiction under the provisions of Title 28 U.S.C. § 1345.

On January 12, 1959, the United States of America acting by and through the Farmers Home Administration, United States Department of Agriculture, loaned to one Donald D. Jensen and his wife the sum of $5,500. As security for said loan the borrowers executed two crop and chattel mortgages in favor of the United States of America which were properly filed for record in Audubon County, Iowa. The hogs and corn claimed to have been converted by defendants were properly included in said chattel mortgages.

In May, 1960, the Farmers Home Administration with the consent of the mortgagors held a closing out sale in an attempt to liquidate the indebtedness due it which resulted in a deficiency due and owing plaintiff in the sum of $1,742.13 plus accrued interest of $52.98 with interest accruing thereafter at the daily rate of $0.2387.

The defendants C. Herbert Hansen and Harold Summers, partners, doing business as Hansen and Summers, purchased hogs from the mortgagor Donald D. Jensen on the following dates and in the following amounts:

| | |
|---|---|
| November 10, 1959 | $166.50 |
| December 22, 1959 | 637.30 |
| December 30, 1959 | 408.60 |
| January 23, 1960 | 328.85 |
| Total | $1,541.25 |

The defendant Raymond Merk, doing business as Merk Grain and Feed Company purchased $415.00 worth of corn from the mortgagor on or about February 18, 1960.

The defendant Theodore Andersen purchased corn for the sum of $245.88 from the mortgagor on or about April 16, 1960.

Inasmuch as the hogs and corn purchased by defendants were listed in the chattel mortgages properly filed for record in Audubon County, Iowa, the government's mortgage lien prevails unless there was a waiver by the government of its mortgage lien.

Donald Jensen, mortgagor, commenced doing business with Farmers Home Administration (hereinafter referred to as FHA) in 1957. Each of the years 1957, 1958 and 1959 he executed mortgages to the FHA to secure sums he borrowed to finance his farm operations. In each of the years the loan proceeds were placed in a joint checking account with the County Supervisor for FHA, Forrest B. Johnson, and checked out jointly for livestock and other items purchased by the borrower with the approval of the Supervisor for the farming operation. The

procedure differed with respect to livestock and grain produced by the borrower. The borrower determined the time for marketing his own produce, sold the same, deposited the receipts in his own personal checking account and reported the sales to the County Supervisor, including a report as to disposition of the proceeds which might not include a payment on the mortgage loan. This was the usual practice as to all borrowers.

In 1957 the mortgagor, Jensen, was verbally advised of the mortgage requirements that the borrower obtain approval for the sale of any mortgaged crops, livestock or equipment and on other occasions, including a form notice in writing as late as October 12, 1959. There were frequent farm visits by the FHA supervisor and office calls by the mortgagor wherein farming operations including sales of produce and use of receipts from sales for farming operations and payments on the mortgage were discussed.

Insofar as the hogs and corn involved herein are concerned there is a conflict in the testimony as to whether the mortgagor was verbally authorized to sell the same. After considering all the evidence, the court finds that the mortgagor was authorized by the FHA County Supervisor to sell the mortgaged property with the condition that the proceeds not be disbursed except with the approval of said Supervisor.

It is clear that under the Iowa Law the plaintiff waived its mortgage lien. In Producers Livestock Marketing Ass'n v. John Morrell & Co., 1935, 220 Iowa 948, 951, 263 N.W. 242, 244, the Supreme Court said:

"It is the settled rule of law that, where the evidence shows without dispute that a mortgagee, through his agent and representative, consents to the sale of mortgaged property, notwithstanding the terms of the mortgage, then its acts in so doing would constitute a waiver of the mortgage lien."

The fact that the mortgagor did not account to the mortgagee for the proceeds does not effect the waiver of lien under the Iowa law. Producers Livestock Marketing Ass'n v. John Morrell & Co., supra. See also, Hoyt v. Clemans 1914, 167 Iowa 330, 149 N.W. 442, L.R.A.1915C, 166.

The plaintiff contends that the Iowa law does not apply and that the rights of the United States herein are governed by federal law. This contention cannot be sustained. United States v. Kramel, 8 Cir., 1956, 234 F.2d 577; United States v. Gregory-Beaumont Equipment Co., 8 Cir., 1957, 243 F.2d 591.

Plaintiff further contends, then in any event, the County Supervisor was without authority to waive the government's lien and any attempted waiver was ineffective. Federal Crop Insurance Corp. v. Merrill, 1947, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10; United States v. Chickasha Cotton Oil Co., 10 Cir., 1940, 115 F.2d 135, 137; United States v. Christensen, E.D.Ill., 1943, 50 F.Supp. 30.

However, an examination of the published regulations indicates the County Supervisor did have the authority to waive the government's mortgage lien under the circumstances herein. 6 C.F.R. Section 300.3 (Supp.1961) provides as follows:

"State Office staff and County Office employees.

"The following officials and employees of the Farmers Home Administration, in accordance with applicable laws, for and on behalf of and in the name of the United States of America or the Farmers Home Administration, are also severally authorized within the area of their respective jurisdictions to perform the acts specified in paragraphs (k) to (s), both inclusive, of Sec. 300.2: * * * County (including Parish) Supervisor, * * *.

"Sec. 300.2(1) Execute, make, and deliver, or approve suspensions, releases or terminations of assignments of income, renewals, extensions, partial and full releases and satisfactions of security and per-

sonal or indemnity liability for indebtedness, *waivers,* subordination agreements, severance agreements, affidavits, acknowledgments, certificates of residence, evidence of consent, and other instruments or documents." (Emphasis added).

6 C.F.R., Section 371.4 provides as follows:

"*Disposition of security property other than real estate.*

\* \* \* \* \* \*

"(b) Normal farm income security consists of all security property not considered as basic security. This will include crops, livestock and livestock products covered by the lien, which are sold in the usual course of operating the farm business. Subject to the limitations contained in paragraph (c) of this section, County Supervisors are authorized to release normal farm income security in the following situations:

"(1) When the security property has been sold for its fair market value provided the proceeds are used for one or more of the following purposes:

\* \* \* \* \* \*

"(ii) To pay, in active adjustment loan cases, farm and home expenses provided for in the Farm and Home Plan, including approved revisions thereof."

The above portions of the regulations are sufficient to point out that the County Supervisor had discretion to permit the mortgagor to sell mortgaged property. Although formal release forms were available in the County Supervisor's office, they were rarely used. It was the common practice to permit not only this mortgagor, but all of FHA's mortgagors in this area to sell mortgaged property and have the checks for proceeds made out to themselves. Some of the defendant purchasers specifically conversed with the County Supervisor about this practice and were told to treat FHA debtors the same as everyone else. (make the checks payable to mortgagors).

In United States v. National Surety Co., D.Mont., 1938, 34 F.Supp. 257, 259, the court said:

"Where a statute, and regulations adopted in pursuance thereof, confer a broad discretion upon an officer, as in this case, it seems to be the rule that one dealing with him in good faith may assume that the officer has properly exercised that discretion; and so a government agent may bind the United States by the exercise of a reasonable discretion in the conduct of the affairs in which he is engaged."

Under the facts of this case the court finds that the plaintiff had granted to its agent, the County Supervisor, the authority to waive its liens and said agent acting within the scope of his authority waived the mortgage liens held by the government. Judgment will accordingly be entered for the defendants in each case.

The foregoing shall constitute the court's findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, 28 U. S.C.