**UNITED STATES of America,
Plaintiff,**

v.

**CASSIDY COMMISSION COMPANY,
Defendant.**

**Civ. No. 66–135.**

United States District Court
W. D. Oklahoma.

Feb. 13, 1967.

Michael C. Stewart, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Clarence P. Green, James W. Mouser, Oklahoma City, Okl., for defendant.

MEMORANDUM OPINION

DAUGHERTY, District Judge.

In this case the United States of America, as plaintiff sues the defendant Cas-

sidy Commission Company in wrongful conversion alleging that the defendant sold five cows for Edward F. Ferguson who had mortgaged the same to the plaintiff previous to the sales of the five cows by the defendant and which mortgage was duly recorded and constituted constructive notice to the defendant at the time of all of such sales. The defendant is a Livestock Commission house and in the business of auctioning cattle presented at its yard for sale. This Court has jurisdiction pursuant to Title 28 United States Code, Section 1345.

The defendant Cassidy Commission Company has filed a Third Party Complaint against Edward F. Ferguson and Erma Lee Ferguson, husband and wife, the plaintiff's mortgagors, the defendant Edward F. Ferguson (the same person as E. F. Ferguson) being the individual who presented the five cattle in question to the defendant for sale. By this Third Party Complaint the Cassidy Commission Company seeks judgment over against the third party defendants for any judgment the plaintiff may take against it. The third party defendants Edward F. Ferguson and Erma Lee Ferguson have been duly served with sommons but have failed to answer the Third Party Complaint and are adjudged to be in default by reason thereof.

The plaintiff claims that the said Fergusons borrowed money on several occasions from the Farmers Home Administration, an agency of the United States Government, and under date of October 9, 1962, as security for notes given for said loans executed a crop and chattel mortgage to the plaintiff in which the five cows involved herein were listed as security; that in March, 1963, a check was made of the security listed in said crop and chattel mortgage and all livestock was found to be present; that shortly before a liquidation sale was to be had in August of 1963, a further check of the security was made at which time it was discovered that seven cows were not accounted for five of which were listed in the crop and chattel mortgage. Plaintiff further alleges that its crop and

chattel mortgage was duly recorded in McClain County, Oklahoma, on October 9, 1962, and that on dates between March and August, 1963, and by five separate transactions the defendant at its place of business sold one of the mortgaged cows which was presented to it for sale by the third party defendant Edward F. Ferguson. The plaintiff, therefore, seeks recovery against the defendant for $862.-30, the amount received from the sale of the five cows.

The defendant admits that it sold five cows between March and August, 1963, for E. F. Ferguson and that the cows were sold for the total amount sued for herein by the plaintiff. However, by way of defense the defendant denies that the five cows it sold were cows covered by the said crop and chattel mortgage of the plaintiff; that the said crop and chattel mortgage was not entitled to be recorded in that it was not properly witnessed and therefore did not impart constructive notice and lastly, that the plaintiff by its course of conduct, in effect, consented to the sale of the five mortgaged cows by E. F. Ferguson and thereby waived its mortgage lien which bars the plaintiff from recovering herein against the defendant.

The Court finds from the evidence that the Fergusons gave the plaintiff a crop and chattel mortgage under date of October 9, 1962, which listed forty-nine head of livestock; that all listed livestock was present at the Ferguson farm in March of 1963, when specifically checked by the plaintiff; that in August of 1963, a further check by the plaintiff disclosed that five of the cows listed were not accounted for or present at the Ferguson property; that between the two inspections the defendant sold for E. F. Ferguson one cow weighing 1475 pounds on March 25, 1963, another cow weighing 1025 pounds on April 10, 1963, another cow weighing 1260 pounds on May 7, 1963, another cow weighing 1340 pounds on June 11, 1963, and a fifth cow on July 16, 1963, weighing 1060 pounds; that the total amount received from the sale of all five cattle as conducted by the

defendant was in the amount of $862.30. The Court further finds that a check of the livestock on hand in the August, 1963, inspection revealed five missing cows, one a black and white holstein weighing 1400 pounds, another a black holstein weighing 1450 pounds, another a black and white holstein weighing 1200 pounds, another a black and white holstein weighing 900 pounds and a fifth cow a black and white holstein weighing 800 pounds. The Court also finds from the terms of the crop and chattel mortgage that it covered any after acquired cattle of the mortgagors, the Fergusons. The Court also finds that the above five cattle were in the possession of E. F. Ferguson and on the above dates indicated were presented by him to the defendant with the request that the defendant sell the same for the said E. F. Ferguson.

The Court further finds from the evidence that the crop and chattel mortgage involved was signed by Edward F. Ferguson and Erma Lee Ferguson in the presence of two witnesses Mr. John Jones and Mrs. Agnes Brown and was duly executed and filed for record in the manner required by law.

The Court further finds from the evidence that on eight previous occasions the Fergusons without prior consent of the Government disposed of some livestock listed on the crop and chattel mortgage of the plaintiff in each of which instances after the sale had been accomplished the Government approved the sale upon a prescribed disposition being made of the sale proceeds; that with reference to the five cows involved in this litigation the Government did not give the Fergusons consent to sell any of these cows prior to the time they were sold by the defendant at the instance of E. F. Ferguson and that after the said five cattle were sold the plaintiff refused to and did not approve the sale of any of the said five cows for the reason that the disposition of the proceeds made or to be made by the Fergusons did not conform to those situations as prescribed by the Federal Regulations which would permit such after-sale approval.

Three issues are thus presented to the Court, the first, being whether or not the said five cows sold by the defendant for E. F. Ferguson were cows on which the plaintiff had a chattel mortgage, the second, whether the said chattel mortgage was properly witnessed and entitled to be recorded thereby imparting constructive notice to the defendant, and thirdly, whether the Government had consented to the sale of the five cattle by the Fergusons and thereby waived any lien the plaintiff may have on the cattle by virtue of the chattel mortgage.

With reference to the second issue, namely, whether the chattel mortgage was properly executed and entitled to be recorded, the defendant has presented no evidence or argument to support this defense and acknowledged at the close of the case that this defense has not been sustained by the defendant. The Court, therefore, rejects this defense asserted by the defendant.

■ With reference to the first issue as to whether the five cows sold by the defendant for E. F. Ferguson as aforesaid were five cows covered by the plaintiff's chattel mortgage, the Court finds from the evidence presented that they were. The burden is upon the plaintiff to establish this element of the case by a preponderance of the evidence. The Court finds from an examination of the crop and chattel mortgage that the description of the animals covered thereby is adequate and sufficient. 124 A.L.R. 944. The Court finds that the plaintiff has satisfied its burden of proof by the evidence that all of the cows covered by the chattel mortgage were accounted for in March, 1963; that one of the sales by the defendant thereafter took place on March 25, 1963, a second sale on April 10, 1963, a third sale on May 7, 1963, a fourth sale on June 11, 1963, and the fifth sale on July 16, 1963; that an inspection of the property covered by the chattel mortgage in August of 1963 disclosed that five of the listed cows were not present and accounted for by the mortgagors; that the weights of the five cows sold by the defendant reasonably

corresponds under the circumstances with the weights of the five missing cows; that the plaintiff's mortgagor Edward F. Ferguson had personal possession of the five cows he delivered to the defendant for sale and did request the defendant to sell the five cows for him which is the manner in which the defendant handled the transactions. The Court, therefore, finds from the foregoing evidence and the circumstances depicted thereby and is fully satisfied therefrom that the five cows sold by the defendant for E. F. Ferguson were the five cows missing in the August check of the secured property and were five cows covered by the chattel mortgage involved herein.

 With reference to the third issue as to whether the Government had consented to the sale of the five cows by the Fergusons and thereby waived its mortgage lien the Court finds that no such consent occurred either expressly or by implication. There is no evidence of express consent of the plaintiff for these sales and, therefore, the Court finds no express consent was given. As to the eight previous sales of stock made by the Fergusons without prior consent by the plaintiff but with after-sale approval and release of security being granted by the plaintiff, the Court finds that this course of conduct is not sufficient under the law to constitute an implied consent from the plaintiff to the Fergusons to sell the five cows in question. In this connection, under Federal Regulations [1] govern-

---

1. The pertinent regulation as shown at 6 C.F.R., Section 371.5, reads as follows:

"§ 371.5 Releasing security property.

Property mortgaged to the Farmers Home Administration may be released as provided in this subpart only when it clearly appears from the facts that such release will not be to the financial detriment of the Government. Borrowers will be held strictly accountable to the Government for the proper use of proceeds from the sale of security property. Insurance proceeds derived from the loss of security property will be treated the same as proceeds derived from the sale of security property. The authority to release security for Farmers Home Administration loans is different for basic security and normal farm income security. The release authorities in this subpart will be applicable to all Farmers Home Administration loans secured by chattels except when a borrower is indebted on a Special Livestock loan only, or on both a Special Livestock loan and a Soil and Water Conservation loan. In such cases, Subpart C of this part will be followed.

(a) Basic security consists of all equipment serving as security for Farmers Home Administration loans. It also consists of all foundation herds and flocks, including replacements, which serve as a basis for the farming operation outlined in the Farm and Home Plan or yearly budget which serve as security for Farmers Home Administration loans. With respect to livestock herds and flocks, animals that are sold as a result of the normal culling process are basic security unless the borrower has replacements that will keep numbers and production up to planned levels. However, if a borrower plans to make a significant reduction in his basic livestock herd or flocks, the animals or birds that are sold in making this reduction will be considered basic security. County Supervisors are authorized hereby to release basic security when the property has been sold or exchanged for its fair market value, and the proceeds are used for one or more of the following purposes:

(1) To pay on the debts owed to the Farmers Home Administration which are secured by liens on the property sold.

(2) To purchase from the proceeds of the sale, or to acquire through exchange, property more suitable to the borrower's needs, subject to the following conditions: The new property, together with any proceeds applied to the indebtedness, will have security value to the Farmers Home Administration at least equal to that of the lien formerly held by the Farmers Home Administration on the old property. The new property must be made subject to a lien in favor of the Farmers Home Administration by the execution of a new security instrument or by operation of the "replacement" or "after acquired property" clauses in lien instruments.

(3) To make payments to other creditors having liens on the property sold which are superior to the liens of the Farmers Home Administration provided any amount remaining after payments

ing the activities of County Supervisors of the Farmers Home Administration, the governmental agency involved herein, such County Supervisors had authority to make after-sale approval and release of security in the said eight previous instances when basic security was disposed of on the basis that an authorized disposition of the sale proceeds was made by the mortgagors as prescribed in the said regulations. Thus, these eight previous after-sale approvals and release of security were not irregular, unauthorized or illegal but were after-sale approvals and releases in each instance made strictly pursuant to authority conferred upon the County Supervisor by pertinent regulations. The Court further finds from the evidence that the five cows involved herein consisted of basic security as defined in said regulations and that the plaintiff did not make after-sale approval and release of security as to any of the five cows involved herein. This was because the disposition of the sale proceeds either made or proposed to be made by the Fergusons did not conform to the said Federal Regulations under which the County Supervisor of the plaintiff would have authority to grant after-sale approval and release in the matter of the five cows involved herein. Moreover, there being no expressly conferred power emanating from an authorized source to the County Supervisor involved to consent to the sale of the five cows or to approve and release the same after the

sale with the disposition of the proceeds being outside the provisions of the Federal Regulations the said County Supervisor could not by his conduct or otherwise either consent to the sale or waive the mortgage liens of the United States and release the five cows from the coverage of the said chattel mortgage. United States v. Chickasha Oil Company, (Tenth Cir. 1940) 115 F.2d 135.

The Court, therefore, finds and concludes that the defendant wrongfully converted the five cows involved herein and the plaintiff is entitled to judgment against the defendant in the amount of $862.30 with interest, as prayed for. 96 A.L.R.2d 208; United States v. Sig Ellingson & Company, (D.Mont.1958) 164 F.Supp. 7; United States v. Matthews, (Ninth Cir. 1957) 244 F.2d 626; United States v. White, (D.Idaho 1956) 143 F. Supp. 754; United States v. Sommerville, (Third Cir. 1963) 324 F.2d 712, cert. denied 376 U.S. 909, 84 S.Ct. 663, 11 L.Ed. 2d 608. And the third party plaintiff Cassidy Commission Company is entitled to judgment over against the third party defendants Edward F. Ferguson and Erma Lee Ferguson in the above amount said judgment being based on the default of the said third party defendants as aforesaid.

Counsel for the plaintiff will prepare an appropriate judgment on the Complaint and Third Party Complaint as aforesaid and submit the same to the Court for signature and entry herein.

---

are made to the other creditors is used in accordance with the provisions of sub-paragraphs (1) and (2) of this paragraph.

(4) To pay costs required to preserve or realize on security property because of an emergency or catastrophe when

the need for funds cannot be met though a Farmers Home Administration loan in sufficient time to prevent the borrower and the Farmers Home Administration from suffering a substantial loss."